**Janice A. RHYMES, Personal Representative of the Estate of Bruce Edward Kiser, Deceased, Plaintiff,**

v.

**ARROW AIR, INC., a foreign corporation, Defendant.**

Nos. 86–270–Civ through 86–274–Civ, 86–371–Civ, 86–385–Civ, 86–645–Civ, 86–646–Civ, 86–752–Civ, 86–834, 86–933–Civ through 86–938–Civ and 86–971–Civ.

United States District Court,
S.D. Florida,
Miami Division.

May 27, 1986.

Charles Lipcon, Barry A. Stein, J.B. Spence, Aaron S. Podhurst, Carol A. Fenello, Dean C. Colson, Thornton, David & Murray, P.A., Bruce M. Boiko, Robert G. David, Jr., Bruce J. Berman, Miami, Fla., William S. Druckman, Boca Raton, Fla., for plaintiffs.

MEMORANDUM OPINION AND
ORDER OF REMAND

JAMES LAWRENCE KING, Chief Judge.

Bruce Edward Kiser, a young soldier in the United States Army returning from

peacekeeping duty in the Sinai Desert in Egypt, died in the tragic crash of a military chartered McDonnell Douglas DC–8 jet aircraft on December 12, 1985, shortly after take-off from Gander International Airport, Newfoundland. Two hundred forty-eight (248) soldiers of the 101st Airborne Division, 3rd Battalion, 502nd Infantry, lost their lives in this tragedy. The flight had originated in Cairo, Egypt, and after brief stops at Cologne, West Germany, and Gander, Newfoundland, was to have returned these servicemen home for Christmas.

Each of the eighteen (18) cases consolidated for consideration in these proceedings were originally brought by representatives of the estates of the deceased servicemen in the State Circuit Court of Florida.

The complaints filed in the Circuit Court under the Florida Wrongful Death Act rely solely on the state cause of action with no allegation or reference to the federal treaty known as the Warsaw Convention.

The defendants removed the cases to the United States District Court for the Southern District of Florida and contest remand asserting that, notwithstanding the failure of plaintiffs to plead a federal cause of action or the plaintiffs traditional prerogative to choose the forum, the cases should remain in this court and not be remanded. The defendants invite the court to focus its attention upon the fact that the wrongful death claims arise out of international air transportation thereby necessarily presenting a wrongful death claim under the Warsaw Convention. They contend they have the right to remove a lawsuit governed by the Warsaw Convention from a state to a federal court, even if the state court had concurrent jurisdiction and the plaintiff the traditional prerogative of choosing the forum.

The plaintiffs argue that they have deliberately chosen not to plead a cause of action based upon the Warsaw Convention, and since no other ground for removal exists under 28 U.S.C. § 1441, they have the absolute right to maintain these proceedings in the State Circuit Court.

The plaintiffs further suggest they could have pursued one of three available options, namely:

1. File Complaint in U.S. District Court pleading wrongful death under the Warsaw Convention;

2. File complaint in state court and plead wrongful death under the state statute, and plead the Warsaw Convention;

3. File complaint in state court and rely solely on the state wrongful death statute.

Having elected the third option, plaintiffs say that since the Warsaw Convention is not an exclusive remedy, there is no federal claim under the Constitution, treaties, or laws of the United States and the court should remand.

For the reasons set forth hereafter, and upon careful consideration of the thoroughly researched and well written briefs of the party, the excellent oral arguments presented by the extremely experienced and capable lawyers for both sides of the issues presented in these consolidated cases, the court concludes that removal was improper and that each of the eighteen (18) cases identified by number in the style of this case above, should be remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

## PROCEDURAL BACKGROUND

At the request of the parties and upon agreement of all of the Judges of the Southern District, the undersigned as Chief Judge entered an Order on May 5, 1986 consolidating for argument the issue of removal of the related cases and the Motions for Remand. It is clearly in the best interest of all concerned for the briefs and arguments to be presented to a single Judge for a single decision instead of the extensive duplicative pleadings that would have otherwise have been required throughout the various divisions of the United States District Court for the Southern District of Florida.

The cases were thereafter consolidated in the division of the undersigned, as being

the Judge to whom the low numbered case had been earlier assigned (*Rymes v. Arrow Air, Inc.*, Case No. 86–0270–Civ–KING) and all attorneys of record in the several cases were notified of the consolidated hearing for May 8, 1986 on the issues presented.

It has been brought to the attention of this Court that certain cases on behalf of other servicemen who were killed in the tragedy of December 12, 1985, have been referred by the Panel on Multi-District Litigation to the United States District Court for the Eastern District of Kentucky, for consolidated pre-trial proceedings.

The Court has been requested by attorneys for the Plaintiffs to expedite ruling on the issues presented herein, and by some of the Defendants to delay ruling so as to allow the Panel on Multi-district Litigation to address the request of some of the Defendants to have these cases designated as tag-along cases to the core case now pending in the Eastern District of Kentucky.

Both suggestions are rejected, it being the duty and responsibility of this Court to proceed deliberately toward a decision in the case without regard to the tactical maneuvering by any of the parties.

## MEMORANDUM OPINION

The Warsaw Convention was drafted in the late 1920's while the passenger airline industry was in its early stages of development. A number of countries saw great potential in air transport and wished to promote the growth of the fledgling industry. The threat of potentially crippling liability for damages arising out of these flights tended to make the ability to raise capital for investment in the area limited. Perceiving a need to stimulate investment and for uniformity in the field of recovery, negotiations began in 1925 on a treaty to make uniform the procedure for recovery and to limit the liability of air carriers for losses occurring during international flights. The final outcome of these negotiations was titled "Convention for the Unification of Certain Rules Relating to International Transportation by Air," commonly referred to as the Warsaw Convention.[1]

The Warsaw Convention 49 U.S.C. § 1502 is a multilateral treaty originally negotiated in 1929. The Convention has been ratified by the vast majority of countries whose airlines have international routes; the United States ratified the Convention in 1934.

"The Convention standardizes, among the contracting countries, the documentation required for passengers and cargo on international flights, and makes uniform various procedural rules relating to claims for loss and damage. It also limits the liability of air carriers in the event of accident or loss." *In re Aircrash in Bali*, 684 F.2d 1301 (9th Cir.1982). The goal of the drafters was to set forth a uniform system for the regulation of recovery for loss occurring during international air travel. The Convention only applies to international air transportation as defined by the convention.

Originally the courts of the United States held that the Convention did not create an independent cause of action for losses occurring on international flights. *Maugnie v. Compagnie Nationale Air France*, 549 F.2d 1256, 1258, n.2 (9th Cir.), *cert. denied*, 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977); *Noel v. Linea Aeropostal Venezolana*, 247 F.2d 677 (2d Cir.), *cert. denied*, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957). All actions for recovery for damages for loss of life had to have a separate independent basis for bringing the suit. The convention set forth certain procedures such as where the cause of action could be brought, and it also imposed a limit on the amount of damages recoverable by the Plaintiff for covered losses,[2] but it created

---

**1.** For a more complete review of the history of the convention see Lowenfels, *The United States and the Warsaw Convention*, 870 Harv.L.Rev. 497 (1967). *See also* Judge Tyler's opinion in

*Husserl v. Swiss Air Transport Company*, 388 F.Supp. 1238 (S.D.N.Y.1975).

**2.** The convention sets a recovery limit of 75,-000.00 dollars for wrongful death. At issue in

no independent cause of action. This was the general rule in the United States for over forty years.

In 1978 the U.S. Second Circuit reversed its previous position and held in the case of *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir.1978) that the Warsaw Convention created a separate and independent cause of action. This position was adopted by the Ninth Circuit in *In Re Mexico City Aircrash,* 708 F.2d 400 (9th Cir. 1983). "Taking guidance from *Moragne,* we hold that the Warsaw Convention creates a cause of action for wrongful death.... If the Convention did not provide a separate cause of action for wrongful death then a plaintiff otherwise entitled to recover according to the rules of the convention could conceivably be prevented from recovering due to the absence of the necessary rule of local law." *Mexico City* at 415–416. The Fifth Circuit took a similar approach in *Boehringer-Mannheim Diagnostics v. Pan American World Airways,* 737 F.2d 456 (5th Cir.1984). The Eleventh Circuit has not directly addressed this issue.

The proposition presented by the Defendants in these cases is that the cause of action created by the Convention has preempted the application of state wrongful death statutes for loss occurring during international flights. The Defendants argue that the cause of action created by the Convention is exclusive and that no other cause of action for wrongful death will lie. The Plaintiffs on the other hand argue that the remedy may be exclusive as to limitation on damages allowed by the Convention but that the cause of action is not exclusive and may be based in state law.

A distinction must be drawn between an exclusive remedy and exclusive cause of action. The courts that have addressed the issue have all held that the limitations of the convention have always been the exclusive remedy even when the cause of action was based on state law. The amount of

recovery is limited by the terms of the convention. The cause of action on which the recovery is based is not limited by the convention. Both state law and the convention may provide a cause of action. Any recovery, no matter how founded, will be subject to the limitations of the convention. Conflicting provisions of state law will be preempted by the limitations imposed by the convention.

The language of the convention itself implies that the cause of action created by the Convention is not exclusive. The Convention states that "any action for damages *however founded,* can only be brought subject to the conditions and limits set out in this convention." 49 U.S.C. § 1502 note, Art. 24(1) (emphasis added). This provision contemplates the application of the convention limitations to actions founded on a basis other than that of the convention. The convention further allows the suit for damages to be brought in a number of locations.

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principle place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination. 49 U.S.C. § 1502 note, Art. 28(1).

This language contemplates allowing the plaintiff his choice of forum limited only by the provision cited above.

The applicable case law supports the theory that the Convention is not the exclusive cause of action for recovery for damages. *Tokio Marine & Fire Ins. v. McDonnell Douglas Corp.,* 617 F.2d 936 (2d Cir.1980). "The best explanation for the wording of Article 24(1) appears to be that the delegates did not intend that the cause of action created by the Convention to be exclusive. For example in the United States, state law causes of action may be invoked

---

the pending case is the applicability of the limitation provisions. A question of fact that need not be addressed here, is the question of is-

suance and distribution of tickets to the passengers prior to departure.

by plaintiffs injured during international air transportation." *In Re Mexico City Aircrash, supra* 708 F.2d 400, at 414, n.25.

Faced with an almost identical procedural background the Court, when considering the Korean Airlines tragedy, held a well pleaded complaint based solely on a state law cause of action was not removable to the federal district court under the convention and remanded. *Van Ryn v. Korean Airlines, et al.,* 84–6525, slip op. (C.D.Cal. 1985).

Even the *Boehringer* case *supra,* most cited by the Defendants for the proposition that the cause of action created by the Convention preempts all other state causes seems to stand for the proposition that the remedy afforded by the Convention is exclusive when the amount of recovery allowed by state law would otherwise exceed the limits imposed by the treaty. In *Boehringer* the court was faced with a cause of action brought in federal court where Plaintiff attempted to recover attorneys fees under a Texas state statute. The *Boehringer* court clearly held that the Texas statute that provided a remedy in the form of attorneys fees was in conflict with the limitation provisions of the Convention and was thus preempted by the limitation provisions of the convention.

■ There is no question that when a state cause of action is in conflict with the provisions of the Convention the conflicting provision of the state action will be preempted by the applicable provisions of the Convention. *Boehringer, supra.*

> The application of California law suggested here necessarily conflicts with the congressional scheme. Neither uniformity or effective limitation of the airlines liability could be achieved if the state law doctrines could be invoked to circumvent the application of the limitation. Accordingly we hold that the California law is preempted by the Warsaw Convention to the extent that California law would prevent the application of the conventions limitation on liability.

*In Re Aircrash in Bali Indonesia,* 684 F.2d 1301, at 1308 (9th Cir.1982). The Convention being a treaty of the United States is thus afforded supremacy over conflicting state law. *Missouri v. Holland,* 252 U.S. 416, 40 S.Ct. 382, 64 L.Ed. 641 (1920).

■ A review of the cases leads to the conclusion that the Plaintiff may choose to state his cause of action solely on a state law theory and bring the action in state court subject to the limitations of the Convention. If the state law conflicts with the Convention, the Convention will preempt the portion of the state remedy that is in conflict. Thus there are four types of actions available to the Plaintiff; firstly if diversity is present and the complaint meets the other requirements the Plaintiff may bring his complaint in federal court under 28 U.S.C. § 1332. If the Plaintiff so chooses he may bring a cause of action exclusively under the Warsaw Convention and if he wishes he might attach a state cause of action. This type of case could be brought directly in federal court under 28 U.S.C. § 1331 or in the appropriate state court. Of course, if this type of action was brought in state court it could be properly removed to federal court.

The Plaintiffs in the instant cases have chosen to state their cause of action exclusively under a state wrongful death statute and have brought the current litigation in state court. The Defendants have petitioned for removal of these cases and have filed answers that plead the limitation provisions of the Warsaw Convention as a defense. The mere pleading of a federal statute or treaty as a defense will not be enough to invoke federal jurisdiction through removal if a federal cause of action does not appear on the face of the well pleaded complaint. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984); *Salveson v. Western States Bankcard Association,* 731 F.2d 1423 (9th Cir.1984). "When, as in the case before us, plaintiff presents a state-law claim and defendant counters by arguing that federal law preempts the state law

on which Plaintiff relies, the federal claim appears by way of defense. Under the well pleaded complaint rule federal jurisdiction over such a claim is lacking." *Hunter, supra* 746 F.2d 635, at 639–640. If the federal courts were to allow removal whenever a federal defense is raised to a state cause of action, the dockets of the federal bench would become inundated with a flood of state litigation.

There is no question that if the Plaintiff had chosen to he could have plead a federal cause of action. The Plaintiff made the affirmative choice not to so plead and courts are reluctant to disturb the Plaintiff's chosen forum. The courts have extensively addressed this proposition in the area of forum non-conveniens. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501 at 507, 67 S.Ct. 839, at 843, 91 L.Ed. 1055 (1947). "[T]he plaintiff's choice of forum is to be respected unless the balance of both public and private interests strongly justifies a transfer." *Manu International S.A. v. Avon Products, Inc.*, 641 F.2d 62, at 65, (2d Cir.1981). *See also, Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140 (5th Cir.1984); *Carpenter v. Hall*, 352 F.Supp. 806 (S.D.Tex.1972). Pleading a defense under the Warsaw Convention as the Defendants have done will not lay a proper basis for removal to this Court. Accordingly therefore:

It is ORDERED and ADJUDGED that the several motions for remand be and they are hereby GRANTED. The cases removed to this Court from the state court which base their cause of action exclusively on a state cause of action be and hereby are REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida.

It is further ORDERED that the Clerk of this Court shall cause a copy of this Order to be filed in each of the cases cited in the style of case set forth above.