**Maria Bernarda ALVAREZ, as Personal Representative of the Estate of Amanda Maria Alvarez, Deceased, and on behalf of Pedro P. Alvarez and Maria Bernarda Alvarez, Plaintiff,**

v.

**AEROVIAS NACIONALES de COLOMBIA, S.A., Avianca, Inc., and Commodore Aviation, Inc., Defendants.**

**No. 90–2494–CIV.**

United States District Court, S.D. Florida.

Jan. 25, 1991.

Joel Perwin, Aaron S. Podhurst, Miami, Fla., Kevin A. Malone, Fort Lauderdale, Fla., for plaintiff.

Michael McLemore, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

JAMES LAWRENCE KING, Chief Judge.

This case arises out of the tragic airplane crash of Avianca Flight 52 in Cove Neck, New York, on January 25, 1990. The case was originally filed as a wrongful death action in the Circuit Court in and for Dade County, Florida. The defendants removed the action to this court, claiming that removal was proper because the Warsaw Convention [1] provided the plaintiff's exclusive cause of action. This case is now before the court on the plaintiff's motion to remand the case to state court.

The basis for the defendants' removal of this action to this court stems from the fact that the accident was one of "international transportation." Article 1(1) of the Warsaw Convention states: "This Convention shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire." At the time of the crash, Flight 52 was en route from Medellin, Colombia, to John F. Kennedy Airport in New York. Defendants assert that, inasmuch as plaintiff's decedent was travelling pursuant to a ticket which provided for "international transportation" within the meaning of the Warsaw Convention, the provisions of the Warsaw Convention apply to this action and exclusively govern it.

■ Before delving into the issues which comprise the parties' arguments for removal and remand of this case, the court must first address another matter. In another case arising out of the crash of Avianca Flight 52, the defendants removed the action to the Southern District of Florida. *Calderon v. Aerovias Nacionales de Colombia*, 738 F.Supp. 485 (S.D.Fla.1990) (Aronovitz, J.), *appeal filed*, No. 90–5560 (11th Cir.1990). In *Calderon*, Judge Aronovitz entered an order remanding the case to state court. The defendants appealed the decision, and oral argument before the Eleventh Circuit Court of Appeals was heard on December 20, 1990. Defendants have asked this court to delay ruling on the motion to remand pending the result of the

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, adhered to by the United States June 27, 1934, 49 Stat. 3000, 3014, reprinted in 49 U.S.C.App. § 1502 note (1988) (hereinafter "Warsaw Convention").

*Calderon* appeal, but this court must reject that request for several reasons.

First, although it is possible that the appellate decision could affect the outcome in this case, the oral argument in the appellate court and the applicable precedent in the area of remand reveal that the Eleventh Circuit is probably more concerned with the issues of appellate jurisdiction and reviewability than with the issues which this court faces. The Eleventh Circuit has also already denied a petition for mandamus in *Calderon.*

Furthermore, a deferred ruling could result in a mooting of the issue raised by the parties, due to the probability of a transfer of this case from this jurisdiction by the Judicial Panel on Multidistrict Litigation. Although the defendants have asserted that no hearing on transfer has been scheduled within the near future, the Judicial Panel on Multidistrict Litigation has already transferred several cases arising from this same air disaster to the United States District Court for the Eastern District of New York.

Finally, it is the duty and responsibility of this court to proceed deliberately toward a decision in this case. Should the Eleventh Circuit reach and decide the issues now before this court in a different manner, the parties in this case can then seek appropriate relief.

### State Law Causes of Action and the Warsaw Convention

Plaintiff filed her complaint in state court, grounding the action in state wrongful death law and nowhere invoking any federal law or statute as a basis for her claim. In the notice of removal, the defendants have asserted the right to remove this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1331, claiming that the Warsaw Convention provides the exclusive federal cause of action under the facts alleged in the complaint. The defendants argue that their notice of removal properly vested this court with removal jurisdiction, because plaintiff's attempt to plead this case under the Florida Wrongful Death Act, without reference to federal law and the Warsaw Convention, is simply an attempt to circumvent an exclusively federal cause of action founded upon the Convention. They argue that, in the context of a case in which the Warsaw Convention applies, no state cause of action is available as a theory of liability.

In support of the motion to remand to the Florida court, however, the plaintiff argues that the Warsaw Convention does not provide the exclusive cause of action. Rather, the plaintiff argues that her action can proceed as a state law cause of action that is bounded by the exclusive *remedy* provided for in the Warsaw Convention. Thus, the plaintiff argues, the Warsaw Convention provides an exclusive remedy that may preempt inconsistent remedies otherwise available under state law, but state law theories may still provide the cause of action. Removal would therefore be inappropriate because the exclusive remedy limitations of the Warsaw Convention would be no more than a defense to a valid state law cause of action.

In addressing the arguments set forth by the parties in their briefs and at oral argument, including the argument of the *amicus curiae*,[2] the court must address two inconsistent decisions that were rendered in this district. The first decision was reached by this court in 1986 in *Rhymes v. Arrow Air, Inc.,* 636 F.Supp. 737 (S.D.Fla. 1986) (King, C.J.). The second decision was reached several months ago in *Velasquez v. Aerovias Nacionales de Colombia, S.A.,* 747 F.Supp. 670 (S.D.Fla.1990) (Scott, J.). These two memorandum opinions each address the issues presented in the motion to remand *sub judice,* but each comes to a different conclusion as to the exclusivity of the federal cause of action available under the Warsaw Convention. Neither the United States Supreme Court nor the United States Court of Appeals for the Eleventh Circuit has yet provided a definitive answer

---

**2.** Representing the *amicus curiae,* Guillermo Camargo, the law firm of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin filed a memorandum and appeared at the hearing before this court in support of the plaintiff's motion to remand.

to this question of exclusivity, *see Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1482 & n. 33 (11th Cir.1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 2585, 110 L.Ed.2d 266 (1990), but the language and history of the Warsaw Convention, as they have been interpreted by the courts, provide the necessary guidance to resolve this issue.

*The Cause of Action Under the Warsaw Convention*

■ At the outset of this discussion, it is important to recognize that the availability of a federal cause of action founded upon the Warsaw Convention has been squarely resolved in this circuit. *See Floyd*, 872 F.2d at 1469–70; *see also Velasquez*, 747 F.Supp. at 675; *Rhymes*, 636 F.Supp. at 739–40. Although many initially assumed that the Warsaw Convention created a cause of action, for decades following the United States' adherence to the Convention, the courts of the United States did not even interpret the Convention as creating an independent cause of action. Beginning in the late 1970's, however, courts reexamining this issue have generally changed course and recognized the existence of an independent cause of action founded upon the Warsaw Convention.[3] If there were no federal cause of action, this court would need to go no further before reaching a decision to remand this case to state court. Because a federal cause of action exists under the Warsaw Convention, however, the court needs to determine whether it is exclusive.

*Exclusivity of Warsaw Cause of Action*

■ In determining whether the Warsaw Convention creates the exclusive cause of action in cases such as the instant case, it is important to look at the history and

language of the Convention. The history behind the Warsaw Convention reveals that there were two basic goals underlying the drafting of the Convention. As the Eleventh Circuit has stated, those goals were: (1) "to establish uniformity as to documentation such as tickets and waybills, and procedures for dealing with claims arising out of international transportation"; and (2), the more important goal at that time, "to limit the potential liability of air carriers in the event of accidents and lost or damaged cargo." *Floyd*, 872 F.2d at 1467. In attempting to implement these goals, the Convention did in fact establish requirements for air waybills and tickets, and a limitation was indeed placed on the liability of carriers, although this limitation has since been modified.[4] The Convention also made uniform various procedural rules for claims arising from losses that occur in international transportation.

Although the Warsaw Convention sets forth certain uniform procedural rules with respect to the filing of claims, it is clear that the Convention does not presuppose to make such rules completely uniform. While the Convention sets forth rules on such matters as presumptions of liability, liability limitations, and statutes of limitations, it also leaves many matters to the laws of the sovereign nations that have signed the Convention or adhered to it. In several instances, it even expressly commands the application of the local law of the forum. *See, e.g.*, Warsaw Convention Arts. 28(2),[5] 29(2)[6]. The fact that a federal cause of action has been recognized under the Warsaw Convention does not change the fact that the Convention leaves matters to local law. In dealing with problems arising among sovereign nations, the Convention appears to have been unconcerned

---

3. *See, e.g., Floyd*, 872 F.2d at 1469–70; *In re Mexico City Aircrash*, 708 F.2d 400 (9th Cir. 1983); *Benjamins v. British European Airways*, 572 F.2d 913 (2d Cir.1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Rhymes v. Arrow Air*, 636 F.Supp. at 740.

4. Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement CAB 18900, approved by CAB

Order No. E–28680, May 13, 1966, 31 Fed.Reg. 7302 (1966) ("Montreal Agreement").

5. "Questions of procedure shall be governed by the law of the court to which the case is submitted." Warsaw Convention Art. 28(2).

6. "The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted." Warsaw Convention Art. 29(2).

with the manner in which a forum determined the substance of its local law. The court has found no evidence which would indicate that the Convention was concerned with whether the applicable local substantive law was the result of state law within a federal system of government or national law.

A few courts, including Judge Scott in *Velasquez*, have held that the Warsaw Convention creates the exclusive federal cause of action under which a plaintiff may bring action. Many other courts,[7] including this court in *Rhymes*, have held that the Convention allows causes of action arising under both state law and federal law (the Warsaw Convention), but the Convention provides the exclusive remedy that preempts inconsistent remedies otherwise provided for under state law causes of action. *See Floyd*, 872 F.2d at 1482 n. 33 (collecting cases following these two contrary approaches). The Eleventh Circuit has expressly declined to decide whether the Warsaw Convention preempts state law causes of action, but the Eleventh Circuit's opinions reflect the distinction between the availability of a cause of action under the Convention and the exclusivity of the remedy. *See Floyd*, 872 F.2d at 1469–70, 1482 & n. 33[8]; *St. Paul Insurance Co. v. Venezuelan International Airways, Inc.*, 807 F.2d 1543, 1546 (11th Cir.1987) ("The Warsaw Convention creates the cause of action upon which [the plaintiff] relies and is the exclusive remedy against international air carriers for lost or destroyed cargo.").

*Rhymes v. Arrow Air, supra*, involved a case of wrongful death, stemming from an international air disaster, in state court based on state law. The defendants in *Rhymes*, as the defendants here, removed the case based on the grounds that the wrongful death claims necessarily presented a federal cause of action under the Warsaw Convention. In concluding that removal was improper, this court held that the Warsaw Convention created the exclusive remedy, not the exclusive cause of action, in cases to which the Convention applied.

In the analysis in *Rhymes*, the court focused on the history of the Convention and, more particularly, on the language of Article 24(1). Article 24(1) of the Warsaw Convention states that "any action for damages, *however founded*, can only be brought subject to the conditions and limits set out in this convention." Warsaw Convention Art. 24(1) (emphasis added).[9] "The best explanation for the wording of Article 24(1) appears to be that the delegates did not intend that the cause of action created by the Convention to be exclusive. For example, in the United States, state law causes of action may be invoked by plaintiffs injured during international air transportation." *In re Mexico City Aircrash*, 708 F.2d at 414 n. 25; *see also Johnson v. American Airlines, Inc.*, 834 F.2d 721, 722 (9th Cir.1987) ("State-law claims ... can only be maintained subject to the conditions and limits outlined in the Warsaw Convention."); *Tokio Marine & Fire Insurance Co. v. McDonnell Douglas Corp.*, 617 F.2d 936, 942 (2d Cir.1980).

As was already noted, various courts, including the *Velasquez* court, have taken the contrary position that a cause of action arising under the Warsaw Convention is the exclusive federal cause of action available to plaintiffs. Instead of analyzing and

---

7. In this district alone, in cases arising out of an aircrash of a Pan American flight in 1982, eight judges remanded cases to state court. These judges included Judge Aronovitz, Judge Atkins, Judge Davis, Judge Hastings, Judge Hoeveler, Judge Kehoe, Judge Spellman, and the undersigned. *See* Memorandum of Amicus Curiae in Support of Plaintiff's Motion to Remand at 2 n. 2.

8. Although the court in *Floyd* declined to decide the exclusive nature of a cause of action founded under the Warsaw Convention, the court

nonetheless remanded both the federal cause of action and the parallel state law cause of action to the district court. 872 F.2d at 1467, 1490.

9. Although Subsection 1 of Article 24 applies to claims for damaged baggage or goods, Subsection 2 makes claims for personal injury subject to Subsection 1. Warsaw Convention Art. 24(2). Subsection 2 then goes on to add that Subsection 1 applies "without prejudice to the questions as to who are the persons who have the right to bring suit and what are their respective rights." *Id.*

distinguishing the *Rhymes* opinion, the only place the *Velasquez* opinion even confronts *Rhymes* is in a brief footnote.[10] Moreover, *Velasquez* does not discuss the "however founded" language from Article 24(1), except in a footnote in the order on rehearing. *See Velasquez*, 747 F.Supp. at 678 n. 4.

*Velasquez* focused on the Convention's concern for uniformity. Judge Scott stated that if separate state law causes of action were allowed to supersede the Convention's exclusivity, air carriers in this country alone would be exposed to 50 separate and distinct causes of action. *Id.* at 676. However, as was discussed previously, the uniformity desired by the drafters of the Convention was not complete and utter uniformity. The Convention itself makes provisions for the application of local law. *See supra* notes 5–6 and accompanying text.

Many of the other courts which state that the Warsaw Convention's cause of action is exclusive have done so without much, if any, discussion; others have simply addressed the issue in dicta. Moreover, these cases also generally fail to analyze the "however founded" language of Article 24(1) and the distinction between remedies and causes of action under the Convention.

By creating an exclusive remedy, the Convention achieved the uniformity desired while still allowing the use of state law. Comments expressed by delegates at the early stages of the negotiations leading up to the Convention may indeed be reflective of a desire to eliminate all reference to the laws of the various sovereign nations in an effort to achieve complete uniformity, but the Convention clearly departed from the desires of those delegates as evidenced by the provisions that call for the use of local

law. Those courts who rely on such comments fail to give the proper import to the Convention's "however founded" language and to the express references to state law. Their concerns about uniformity are nonetheless satisfied by the existence of the Convention's exclusive remedy, which, among other things, allows claims not otherwise available under local law to be filed under the Convention and which limits the liability that can be imposed on carriers for claims brought under local law.[11]

For the reasons set forth above, this court holds that the Warsaw Convention does not create the exclusive cause of action in those cases to which it is applicable.

## Preemption

■ Having determined that the Warsaw Convention does not create an exclusive cause of action, this court next addresses whether the defendants can properly remove this case. In making this determination, the court must look to the plaintiff's complaint. In her complaint, the plaintiff has set forth a claim solely under the Florida Wrongful Death Act, thereby choosing to forego any federal cause of action founded under the Warsaw Convention. As such, the only basis for removal to this court would be founded upon the "well-pleaded complaint" rule. As this court has stated in *Rhymes*, however, because the Warsaw Convention does not provide the exclusive cause of action in cases to which it applies, the plaintiff may, at her election, set forth her claim solely under a state law theory. If, as here, the plaintiff elects to sue solely upon an available state law cause of action, the defendants cannot remove merely by asserting a preemption defense that would limit and condition the

10. "The Court recognizes that its opinion today is contrary to the holding reached by Chief Judge King in *Rhymes v. Arrow Air, Inc.,* 636 F.Supp. 737 (S.D.Fla.1986). However, having thoroughly considered the reasoning employed in *Rhymes* the Court must respectfully disagree and reach a contrary conclusion." *Velasquez,* 747 F.Supp. at 675 n. 15.

11. As an exclusive remedy, the Warsaw Convention creates a cause of action which allows suit where a cause of action would not otherwise be available. This result satisfies the uniformity

concern of those delegates who desired to assure that relief would be available, even in nations with laws on compensation that "dragged" behind the laws of other nations. Yet, the "however founded" language of Article 24 allows local causes of action "subject to the conditions and limits set out in this convention." Warsaw Convention Art. 24(1). The Convention therefore achieves uniformity by creating a remedy where none exists, as well as by limiting the remedy otherwise available under local laws.

state law cause of action. *See Oklahoma Tax Commission v. Graham,* 489 U.S. 838, 109 S.Ct. 1519, 1520–21, 103 L.Ed.2d 924 (1989); *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63–66, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Rhymes,* 636 F.Supp. at 742 ("Pleading a defense under the Warsaw Convention as the Defendants have done will not lay a proper basis for removal to this court.").

The plaintiff and the *amicus curiae* have also argued that removal is inappropriate and that a remand is mandated even if this court were to hold that the Warsaw Convention's cause of action is the exclusive cause of action available. Because a ruling on this issue is unnecessary and because it would be based on an interpretation of the Warsaw Convention that this court has declined to follow, this court chooses not to address this issue. The court further wishes to make clear that it expresses no view on the merits of this argument, and this opinion should not be interpreted as either approving or disapproving of the argument set forth by the plaintiff and the *amicus curiae.*

Because the plaintiff has set forth a cause of action under state law without bringing in any federal theory and because the Warsaw Convention's cause of action is not exclusive, the plaintiff's complaint does not arise under federal law so as to confer removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. While the Warsaw Convention's exclusive remedy may indeed serve to preempt inconsistent and contradictory provisions of the plaintiff's state law theory, this preemption arises only as a defense to the plaintiff's claims. Accordingly, after careful consideration of this matter, this court

ORDERS and ADJUDGES that the plaintiff's motion for remand be, and the same hereby is, GRANTED. This case is hereby REMANDED to the Circuit Court for the

Eleventh Judicial Circuit in and for Dade County, Florida.

DONE and ORDERED.