**Edgar M. CLARK a/k/a**
**EM Clark, Plaintiff,**

v.

**UNITED PARCEL SERVICE,**
**INC., Defendant.**

**No. 91–1126–CIV.**

United States District Court,
S.D. Florida.

Nov. 13, 1991.

Norman S. Segall, Miami, Fla., for plaintiff.

Michael N. Kreitzer, Miami, Fla., for defendant.

**MEMORANDUM OPINION AND**
**ORDER REMANDING**
**ACTION**

MORENO, District Judge.

THIS CAUSE came before the Court upon plaintiff's Motion to Remand. The

Court has considered the pleadings, oral argument by counsel for both parties, the pertinent portions of the record, and the applicable law. For the reasons that follow, the motion to remand is granted.

I.

Plaintiff Clark sued defendant UPS in the Eleventh Judicial Circuit in and for Dade County, Florida, for compensatory relief for the loss of two packages shipped from Guyana to England. The packages, which contained pound sterling currency, were valued at approximately $20,000. Defendant UPS removed this action asserting that the Warsaw Convention[1] expressly governs the conduct of carriers transporting goods in international commerce by air, and provides the exclusive remedy against international air carriers for lost or destroyed cargo. Therefore, UPS argues, this court has federal question jurisdiction under 28 U.S.C. § 1331.

In his motion to remand, plaintiff contends that his complaint does not assert any federal question. Instead, plaintiff asserts that if any federal question is raised by the issues, it is asserted as an affirmative defense. Plaintiff reasons that because he does not invoke federal jurisdiction, under the well-pleaded complaint rule, federal jurisdiction does not exist for defendant.

II.

The Warsaw Convention is an international treaty to which the United States is a party. *Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985). The Convention applies to "all international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention Art. 1.

■ The district courts of the Eleventh Circuit have long wrestled with the issue of whether the Warsaw Convention provides the exclusive liability remedy for international air carriers by providing an independent cause of action, thereby preempting state law, or whether the Convention merely limits the amount of recovery for a cause of action otherwise provided by state or federal law.

While the Eleventh Circuit has expressly declined to decide whether the Warsaw Convention preempts state law causes of action, the availability of a federal cause of action founded upon the Warsaw Convention has been squarely resolved in this circuit. *See St. Paul Insurance Co. v. Venezuelan International Airways, Inc.*, 807 F.2d 1543 (11th Cir.1987).

The few circuits that have addressed this preemption issue have achieved conflicting conclusions. *Compare Tokio Marine & Fire Insurance Co. v. McDonnell Douglas Corp.*, 617 F.2d 936 (2d Cir.1980) and *In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400 (9th Cir.1983) (federal cause of action not exclusive) *with Boehringer–Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc.*, 737 F.2d 456 (5th Cir.1984) *cert. denied Boehringer Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc.*, 469 U.S. 1186, 105 S.Ct. 951, 83 L.Ed.2d 959 (1985) (federal cause of action exclusive).

The majority of judges in this district have concluded that the cause of action created by the Convention is *not* the exclusive cause of action. *See, e.g., Rhymes v. Arrow Air, Inc.*, 636 F.Supp. 737 (S.D.Fla. 1986) (King, C.J.) and followed in *Calderon v. Aerovias Nacionales de Colombia, Avianca, Inc.*, 738 F.Supp. 485 (S.D.Fla.1990), *appeal dismissed, Calderon v. Aerovias Nacionales de Colombia*, 929 F.2d 599 (11th Cir.1991), *cert. denied, Aerovias Nacionales v. Calderon*, —— U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991) (Aronovitz, J.).[2] Only Judge Scott has held that

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), *reprinted in* 49 U.S.C. § 1502 note.

2. In cases arising out of the aircrash of a Pan American flight in 1982, seven other judges also

remanded cases to state court holding that the Convention allows causes of action arising under both state law and federal law. These judges included Judge Atkins, Judge Davis, Judge Hastings, Judge Hoeveler, Judge Kehoe, Chief Judge King, and Judge Spellman.

the Warsaw Convention provides the exclusive cause of action. *See Velasquez v. Aerovias Nacionales de Colombia, S.A.,* 747 F.Supp. 670 (S.D.Fla.1990). This Court agrees with the majority of judges in this district and finds that the Warsaw Convention does *not* provide the exclusive cause of action.

■ While setting out certain uniform procedural rules, the Warsaw Convention clearly leaves many matters to the laws of the sovereign nations that have signed the Convention or adhered to it. *Alvarez v. Aerovias Nacionales de Colombia, S.A.,* 756 F.Supp. 550, 553 (S.D.Fla.1991). The mere fact that a federal cause of action has been recognized under the Warsaw Convention does not change the fact that the Convention leaves matters to local law.

In his *Rhymes* analysis, Judge King focused on the history of the Convention, particularly, the language of Article 24(1). Article 24(1) of the Warsaw Convention provides that "any action for damages, *however founded,* can only be brought subject to the conditions and limits set out in this convention." Warsaw Convention Art. 24(1) (emphasis added).[3] The best explanation for the wording of Article 24(1) appears to be that the delegates did not intend that the cause of action created by the Convention to be exclusive. *Alvarez,* 756 F.Supp. at 554. However, the exclusive remedy created by the Convention provides the uniformity desired by the Convention's framers while still allowing the use of state law.

■ In following *Rhymes* and its progeny and holding that the Warsaw Convention does not create an exclusive cause of action, this Court is faced with determining whether defendant UPS can properly remove this case. As plaintiff has chosen to forego any federal cause of action under the Warsaw Convention, instead alleging only claims for breach of contract and negligence, the only basis for removal would be founded upon the "well-pleaded complaint" rule.

Because removal jurisdiction exists only if original jurisdiction would have existed, the so called "well-pleaded complaint rule" applies to removal cases as well, and, thus, if federal question does not appear on the face of the complaint, Defendant cannot remove the state law claim from state to federal court even if the defense is based entirely on federal law.

*Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985).

A plaintiff "may choose to state his cause of action solely on a state law theory and bring the action in state court subject to the limitations of the Convention." *Rhymes,* 636 F.Supp. at 741. Furthermore, "if the plaintiff elects to sue solely upon an available state law cause of action, the defendants cannot remove merely be asserting a preemption defense that would limit and condition the state law cause of action." *Alvarez,* 756 F.Supp. at 555.

Because the plaintiff has set forth a cause of action under state law without raising any federal question and because the cause of action founded upon the Warsaw Convention is not exclusive, plaintiff's complaint does not arise under federal law so as to confer removal jurisdiction under 28 U.S.C. §§ 1331 and 1441. Accordingly, it is

ADJUDGED that plaintiff's motion to remand is GRANTED. This case is REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida.

DONE AND ORDERED.

---

**3.** While the *Rhymes* case concerned an action for wrongful death, the court noted that Subsection 1 of Article 24 was specifically applicable to claims for damaged baggage or goods, but was also applicable to claims for personal injury pursuant to Subsection 2. The *Rhymes* analysis is therefore relevant to the facts of the instant action.