896 F.Supp. 1216 (1995)
Jose GARCIA, Jr., Plaintiff,
v.
AEROVIAS DE MEXICO, S.A., etc., et al., Defendants.
No. 94-0435-CV.
United States District Court, S.D. Florida.
February 1, 1995.
Joseph S. Rosenbaum, P.A., Miami, FL, for plaintiffs.
Francis A. Anania and Amy S. Marcus, Anania, Bandklayder & Blackwell, Miami, FL, for defendants.

ORDER DENYING MOTION TO REMAND AND MOTION FOR RULE 11 SANCTIONS
HOEVELER, District Judge.
This cause comes before the court on plaintiff's motion to remand to state court and plaintiff's motion for Rule 11 sanctions. The court heard oral argument on plaintiff's motions on January 25, 1995. After consideration and review of the relevant cases, it is ORDERED AND ADJUDGED that plaintiff's motion to remand is DENIED and that plaintiff's motion for Rule 11 sanctions is also DENIED.

FACTS
Plaintiff Jose Garcia filed suit against defendant airline Aerovias de Mexico ("Aeromexico") in Florida Circuit Court on February 7, 1994. Garcia's complaint alleges assault and battery, false imprisonment, and slander.
In May 1993, Garcia purchased a round trip airline ticket in Miami aboard an Aeromexico flight traveling from Miami to Cancun. When Garcia boarded the return flight from Cancun to Miami, however, an Aeromexico flight attendant allegedly assaulted him because she mistook him for a thief. Garcia believes many other passengers on the airline heard the flight attendant call him a thief. After the flight attendant, with help from coworkers, forcibly removed Garcia from the aircraft and called Mexican police, she realized he was not the thief she was *1217 looking for and released him. Garcia reboarded the plane and returned to Miami.

DISCUSSION

I. MOTION TO REMAND
Aeromexico filed a notice of removal from state court pursuant to 28 U.S.C. § 1331 on March 7, 1994. Aeromexico believes this action is removable because Garcia's claims arise out of international air transportation and are therefore governed by the terms of an international treaty, the Convention for the Unification of Certain Rules Relating to International Transportation by Air ("Warsaw Convention").
The Warsaw Convention generally regulates international air transportation. Article 1 of the Convention defines "international transportation" as transportation where "a passenger's place of departure and place of destination are ... located within the territory of two ... contracting parties to the treaty. ..." The United States and Mexico have signed and ratified the Warsaw Convention.
Garcia objects to removal, however, on the grounds that his claims arise from state tort law, not federal law or the Warsaw Convention. Garcia further argues that the cause of action created by the Warsaw Convention does not require exclusive federal jurisdiction. State law tort claims, therefore, may also be prosecuted in state court. Garcia contends that his state claims are not removable under the well-pleaded complaint rule because no federal question is raised on the surface of his complaint. Instead, Aeromexico raises the Warsaw Convention as a source of federal jurisdiction by way of affirmative defense.
United States Code Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of the motion to remand, Garcia concedes that the Warsaw Convention is an international treaty applicable to the facts of this case. He correctly points out, however, that the Eleventh Circuit has not decided whether the Warsaw Convention creates exclusive federal jurisdiction over intentional tort claims for assault, battery, false imprisonment, and slander.
A few Southern District of Florida cases conclude that the Warsaw Convention does not create an exclusive federal cause of action. In Rhymes v. Arrow Air, 636 F.Supp. 737, 741 (S.D.Fla.1986), for example, the court granted a motion to remand and held that a wrongful death action against an international air carrier could be brought in state court on a state law theory. See also Clark v. United Parcel, 778 F.Supp. 1209, 1211 (S.D.Fla.1991); Alvarez v. Aerovias Nacionales de Colombia, 756 F.Supp. 550, 554-55 (S.D.Fla.1991). The court concluded that the Warsaw Convention "may be exclusive as to limitation on damages allowed by the Convention but ... the cause of action is not exclusive and may be based in state law." The court reasoned that "[a] distinction must be drawn between an exclusive remedy and exclusive cause of action.... The language of the Convention itself implies that the cause of action created by the Convention is not exclusive", except as to damages.
The court relied on Warsaw Convention Article 24, which provides that "any action for damages, however founded, can only be brought subject to the conditions and limits set out in this Convention." Noting the "however founded" clause, the court stated that Article 24 "contemplates the application of the Convention limitations to actions founded on a basis other than that of the convention." Pursuant to this analysis, the court found the action was not removable under the well-pleaded complaint rule because the plaintiff chose to plead only state law claims.
In another carefully reasoned opinion, Velasquez v. Aerovias Nacionales De Colombia, 747 F.Supp. 670, 676-78 (S.D.Fla.), however, the court reached a contrary result. In Velasquez, the court held that the Warsaw Convention conferred removal jurisdiction under 28 U.S.C. § 1331 because the Convention's primary objective is uniform regulation of international air traffic. In that case, the plaintiff filed a claim in state court against the defendant airline under Florida's Wrongful Death Statute. The defendant then sought to remove to federal district court on *1218 the grounds that the Warsaw Convention provided for exclusive federal question jurisdiction. After consideration of the history and intent of the Warsaw Convention, the court denied the plaintiff's motion to remand and concluded that the defendant had the right to remove. In particular, the court reviewed in detail the extensive commentary by other courts and legal scholars, and the Minutes from the Second International Conference on Private Aeronautical Law where national delegations debated the merits of the Convention.
From these materials, the court reasoned that the Warsaw Convention creates an exclusive cause of action for death and personal injury because "the overriding objective of the Convention [is] to establish a uniform system of liability.... Given this concern for uniformity, it would make little sense to hold that the Convention allows separate state law causes to supersede its exclusivity." Id. at 676. The court further concluded that "a holding that abandons the primary objective of uniformity would undoubtedly open the floodgate to both plaintiff forum shopping and inconsistent verdicts. Such devastating consequences would not only serve to ignore but would ultimately destroy the intent of the Convention's drafters." Id.
Several other circuits also conclude that the Warsaw Convention creates an exclusive federal cause of action. In In re Air Disaster at Lockerbie Scotland, 928 F.2d 1267, 1274-75 (2d Cir.1991), for example, the court addressed the "however founded" language in Article 24. Despite this language, the court concluded that the history of the Convention and its interpretation by other countries required a holding that the "Convention cause of action is exclusive." Id. at 1274. The court reasoned that "[t]he basic unit of international law is the nation-state and it is fair to assume, absent clear indications to the contrary, that [the Convention] was written with reference to nation-states, not to areas and subdivisions of nation-states." Id. (quoting Mertens v. Flying Tiger Line, Inc., 341 F.2d 851, 855 (2d Cir.), cert. denied, 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965)). Moreover, "... there is no drafting history to indicate that the contracting parties intended this section to have any effect on the specific question of whether local law should govern...." Id. at 1282-83.
In another line of analysis not specifically discussed in Rhymes or its progeny, the Second Circuit further ruled that the Warsaw Convention preempts state law causes of action. A federal statute or international treaty may "preempt state law when the subject matter demands uniformity vital to national interests such that allowing state regulation `would create potential frustration of national purposes.'" Id. at 1275 quoting San Diego Building Trades Council v. Garmon, 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). The court applied the following test: whether the treaty's "goals of uniformity and certainty are frustrated by the availability of state causes of action for death and injuries suffered by passengers on international flights." Id. Under this test, the court could "not see how the existence of state law causes of action could fail to frustrate these purposes." Id.
Like the Second Circuit in the Lockerbie case, this court finds that the existence of many different state law claims for intentional torts like assault, battery, and false imprisonment would frustrate the purposes of the Warsaw Convention. As noted in Velasquez, such a holding would subject Aeromexico to over fifty distinct causes of action for assault, for example, in this country alone. In contrast to the court in Rhymes and Alvarez, this court does not believe that "concerns about uniformity" are satisfied by the Warsaw Convention's exclusive remedy. Instead, the Warsaw Convention preempts state law claims and provides an exclusive federal cause of action and remedy for cases involving international air transportation.
It is accordingly ORDERED AND ADJUDGED that plaintiff's motion to remand to state court is DENIED.

II. MOTION FOR RULE 11 SANCTIONS
Garcia moved for Rule 11 sanctions on March 16, 1994 on the grounds that Aeromexico's notice of removal was "counter to well-established case law" and has "unnecessarily delay[ed]" trial. The court finds, however, that the case law supports removal of *1219 this action to federal court. For this reason, it is ORDERED AND ADJUDGED that plaintiff's motion for Rule 11 sanctions is DENIED.
It is also hereby ORDERED AND ADJUDGED that plaintiff's motion to stay the response to defendant's motion to dismiss is DENIED as MOOT. Defendant shall have TEN days from the date of this order to respond to plaintiff's motion to dismiss. Defendant shall also have TEN days from the date of this order to respond to plaintiff's motion to compel.
DONE AND ORDERED.