**David J. ROMANO, Plaintiff,**

v.

**BRITISH AIRWAYS, plc, a foreign corporation, and U.S. AIR, a foreign corporation, Defendants.**

**Civil Action No. 1:96–CV–120.**

United States District Court,
N.D. West Virginia.

Nov. 4, 1996.

David J. Romano, Clarksburg, WV, pro se.

Eric W. Iskra, Charleston, WV, for Defendant British Airways.

Clem C. Trishchler, Pittsburgh, PA, for Defendant U.S. Air.

*ORDER*

KEELEY, District Judge.

At a scheduling conference on August 26, 1996, this Court denied the plaintiff's oral motion to remand this civil action to the Magistrate Court of Harrison County on the ground that the cause of action raised herein is completely preempted by the Convention for Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 STAT. 3000, T.S. No. 876, 137 L.N.T.S. 11, *reprinted at* 49 U.S.C.App. § 1502 note (codified at 49 U.S.C. § 40105) ("Warsaw Convention"). On August 30, 1996, the plaintiff filed a written motion for remand which the Court will construe as a motion to reconsider the bench ruling. The defendants have filed responsive memoranda, to which the plaintiff has not timely replied. For the reasons stated below, the Court DENIES the motion.

The plaintiff, David J. Romano, who is an attorney appearing pro se, traveled by U.S. Air and British Airways, Inc., from Pittsburgh, Pennsylvania to Bulawayo, Zimbabwe for a safari and a hunting trip. Despite the precautions taken to ensure safe and timely delivery of the guns to be used on the trip, shipment was delayed, causing inconvenience, delay and extra expenses in Zimbabwe. Romano filed this action in the Magistrate Court of Harrison County, West Virginia, and it was promptly removed to this Court on the ground that the Warsaw Convention preempts all causes of action arising out of international air travel.

At the scheduling conference, the Court reviewed and relied on the Second Circuit opinion in *In re: Air Disaster at Lockerbie, Scotland,* 928 F.2d 1267 (2d Cir.), *cert. denied,* 502 U.S. 920, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991), and the Fifth Circuit opinion in *Boehringer–Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc.,* 737 F.2d 456 (5th Cir.1984), *cert. denied,* 469 U.S. 1186, 105 S.Ct. 951, 83 L.Ed.2d 959 (1985), both of which held that state causes of action are completely preempted when the state claim alleged falls within the scope of the Convention. The plaintiff now asks the Court to consider two rulings by different judges in the Southern District of Florida:

*Calderon v. Aerovias Nacionales De Colombia, Avianca, Inc.,* 738 F.Supp. 485 (S.D. Fla1990); and *Rhymes v. Arrow Air, Inc.,* 636 F.Supp. 737 (S.D. Fla1986). In *Rhymes,* the district court first noted that the Warsaw Convention created a cause of action for wrongful death in international flight, rather than just a limitation of remedy, relying on *In re: Mexico City Aircrash,* 708 F.2d 400 (9th Cir.1983), and *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir.1978). *Id.* at 740. It then held that state law causes of action not in conflict with the Convention would survive preemption. *Rhymes,* 636 F.Supp. at 740–41. The *Rhymes* plaintiffs, having chosen to plead only the state wrongful death claim, were entitled to their choice of a state forum, as the "mere pleading of a federal statute or treaty as a defense will not be enough to invoke federal jurisdiction through removal if a federal cause of action does not appear on the face of the well-pleaded complaint." *Id.,* citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984) and *Salveson v. Western States Bankcard Association,* 731 F.2d 1423 (9th Cir.1984).

The *Calderon* decision relied exclusively on *Rhymes,* as it was the view of the Chief Judge in the District, with no controlling authority in the Eleventh Circuit. *Calderon,* 738 F.Supp. at 486. *But see, Velasquez v. Aerovias Nacionales De Colombia,* 747 F.Supp. 670 (S.D. Fla1990) (Warsaw Convention is the exclusive cause of action to victims of international air disasters, recognizing contrary authority).

The Eleventh Circuit specifically declined to speculate on whether the Warsaw Convention entirely preempts state law causes of action for personal injury in *Floyd v. Eastern Airlines, Inc.,* 872 F.2d 1462 (11th Cir.1989), *rev'd on other grounds,* 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991) (declining to address preemption as not considered by Circuit Court). The Eleventh Circuit's opinion, at fn. 33, however, gives an excellent review of the split of authority on the preemption issue as of the date of its decision:

It is evident that where the Convention applies it preempts inconsistent local law. Several courts have gone farther, however, and have concluded that the Convention is to be both the exclusive avenue of recovery and the exclusive remedy in the areas it governs. *See Boehringer–Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc.,* 737 F.2d 456, 459 (5th Cir. 1984) (court refused to award attorney's fees under Texas law and held that the Convention preempted plaintiff's negligence cause of action, stating that "[h]aving concluded that the Warsaw Convention creates the controlling cause of action, we further conclude that it preempts state law in the areas covered;" court implied that all state law causes of action would necessarily conflict with the Convention due to the interests of national and international uniformity, and must therefore be preempted), *cert. denied,* 469 U.S. 1186, 105 S.Ct. 951, 83 L.Ed.2d 959 (1985); *Abramson v. Japan Airlines, Co.,* 739 F.2d 130, 134 (3d Cir.1984) (court indicated that it would hold that the Convention is the exclusive basis for recovery), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1776, 84 L.Ed.2d 835 (1985); *Benjamins v. British European Airways,* 572 F.2d 913, 919 (2d Cir. 1978) ("the desirability of uniformity in international air law can best be recognized by holding that the Convention, otherwise universally applicable, is also the universal source of a right of action"), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Stanford v. Kuwait Airlines Corp.,* 705 F.Supp. 142 (S.D.N.Y. 1989) ("[t]he terms of the Warsaw Convention exclusively govern the rights and liabilities of the parties"); *Harpalani v. Air India, Inc.,* 622 F.Supp. 69, 73 (N.D.Ill. 1985) (Warsaw claim provides exclusive remedy for delays in air transportation, plaintiffs' non-Warsaw claims dismissed), *disapproved on other grounds Wolgel v. Mexicana Airlines,* 821 F.2d 442, 445 (7th Cir.), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987); *Jahanger v. Purolator Sky Courier,* 615 F.Supp. 29, 32 (E.D.Pa.1985) ("[w]here the Warsaw Convention applies, its limitations and theories of liability are exclusive"); *In re Air Crash Disaster at Warsaw, Poland on March 14, 1980,* 535 F.Supp. 833, 844–45 (E.D.N.Y. 1982) ("Warsaw Convention specifically controls and exclusively governs any and all claims for damages arising out of the death or injury of a passenger engaged in international air transportation, and plaintiffs cannot maintain a separate wrongful death action for damages under California law"), *aff'd* 705 F.2d 85 (2d Cir.), *cert. denied sub nom. Polskie Linie Lotnicze (LOT Polish Airlines) v. Robles,* 464 U.S. 845, 104 S.Ct. 147, 78 L.Ed.2d 138 (1983).

Some courts have taken the contrary view, holding that the Convention merely preempts inconsistent provisions of state law. *See Johnson v. American Airlines, Inc.,* 834 F.2d 721, 723 (9th Cir.1987) ("[s]tate-law claims allowing damages or injuries to goods in international air transportation can only be maintained subject to the conditions and limits outlined in the Warsaw Convention") *In re Mexico City Aircrash of October 31, 1979,* 708 F.2d 400, 414 n. 25 (9th Cir.1983) (best explanation for the wording of Article 24(1) appears to be that the delegates did not intend the cause of action created by the Convention to be exclusive); *In re Aircrash in Bali, Indonesia On April 22, 1974,* 684 F.2d 1301, 1311 n. 8 (9th Cir.1982) ("the Convention has never been read to *limit* plaintiffs to a cause of action arising thereunder, but rather to limit the recovery in suits for injury") (emphasis in original), *later appeal,* 871 F.2d 812 (9th Cir.1989); *Tokio Marine & Fire Insurance Co. v. McDonnell Douglas Corp.,* 617 F.2d 936, 942 (2d Cir.1980) (stating that "Article 24 indicates that [the drafters] did not intend the cause of action to be exclusive"); *In re Air Crash Disaster at Gander, Newfoundland,* 660 F.Supp. 1202, 1221 (W.D.Ky. 1987) (Warsaw not intended to displace state law); *Rhymes v. Arrow Air, Inc.,* 636 F.Supp. 737, 740 (S.D.Fla.1986) (Article 24(1) "contemplates the application of the convention limitations to actions founded on a basis other than that of the convention"); *Perkin Elmer (Computer Systems Div.) v. Trans Mediterranean Airways, S.A.L.,* 107 F.R.D. 55, 61 (E.D.N.Y.1985) ("state law cause of action may be avail-

able, even if a federal claim exists under the Convention").

The Supreme Court expressly has declined to address the question whether the Warsaw Convention provides the exclusive grounds for relief for an airline passenger involved in an accident. *Air France v. Saks,* 470 U.S. 392, 408, 105 S.Ct. 1338, 1347, 84 L.Ed.2d 289 (1985).

After the Eleventh Circuits' review of the law in *Floyd,* the Fourth Circuit assumed without deciding that state law survival and wrongful death claims would not be preempted, at least where a Warsaw Convention claim was not available. *Sakaria v. Trans World Airlines,* 8 F.3d 164, 173 (4th Cir. 1993) (heart attack after landing was not an accident under the Warsaw Convention).

This list is not fully exhaustive of the cases discussing the extent of preemption under the Warsaw Convention, and it should be noted that the Eleventh Circuit has found that the Warsaw Convention creates a cause of action and is the exclusive remedy against international carriers for lost or damaged goods, under Article 18(1) and 24(1) of the Convention. *St. Paul Ins. Co. v. Venezuelan Intern. Airways,* 807 F.2d 1543 (11th Cir. 1987). *See also Jahanger v. Purolator Sky Courier,* 615 F.Supp. 29 (D.C.Pa.1985); *Recumar Inc. v. KLM Royal Dutch Airlines,* 608 F.Supp. 795, 797–98 (D.C.N.Y.1985).

Given the split of authority in both district and appellate courts and the lack of binding authority from the United States Supreme Court or the Fourth Circuit Court of Appeals, this issue would be very difficult but for the plain language of the Warsaw Convention.

Article 19 of the Convention states as follows:

> The Carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage or goods.

Article 24 states:

> In the cases covered by Articles 18 [involving lost or damaged baggage or goods] and 19, any action for damages, however founded, can only be brought subject to the conditions and limitations set out in this convention. (underlining added)

 The Court finds that this language is a complete preemption of all cases involving lost, damaged or delayed baggage or goods. Thus, although the plaintiff has carefully avoided reference to a federal cause of action in his complaint, the claims he has raised involving a delay in the receipt of his guns which were transported in international air travel are preempted and must be litigated pursuant to the conditions and limitations in the Convention.

As the Warsaw Convention is a treaty between the United States and other contracting countries and has become a part of the United States Code, the issues presented raise a federal question, and removal was proper under 28 U.S.C. § 1441 and § 1331.

It is, therefore, ORDERED that the plaintiffs motion to remand (Docket No. 10), deemed a motion to reconsider the Court's prior ruling, is hereby DENIED.