**Jesus E. CALDERON, as Personal Representative of the Estate of Elvia Mercedes Calderon, etc., et al., Plaintiff(s),**

v.

**AEROVIAS NACIONALES DE COLOMBIA, AVIANCA, INC., and Commodore Aviation, Inc., Defendant(s).**

No. 90–1045–CIV.

United States District Court,
S.D. Florida.

May 29, 1990.

**486**

Kevin A. Malone, Fort Lauderdale, Fla., for plaintiffs.

Michael K. McLemore, Miami, Fla., for defendants.

## ORDER OF REMAND

ARONOVITZ, District Judge.

THIS CAUSE came before the court upon Plaintiff's Emergency Motion for Remand, file dated May 8, 1990 (DE 4). Despite its emergency posture, all parties have been afforded opportunity to respond to the motion, and therefore this matter comes before the Court fully briefed.

This action arises out of the January 25, 1990 crash of Avianca Flight 52, originating in Colombia and scheduled to arrive in New York, New York. Plaintiff's Complaint, filed in state court, seeks damages pursuant to Florida's Wrongful Death Statute, stating no federal causes of action. Defendants AEROVIAS NACIONALES DE COLOMBIA ("Aerovias") and AVIANCA, INC. ("Avianca") assert that since this action involves a death arising from "international transportation" within the meaning of the Warsaw Convention,[1] it is nonetheless properly removable under this Court's federal question jurisdiction. 28

U.S.C. §§ 1331, 1441. Defendants assert no additional bases for federal jurisdiction.

This Court recognizes that a number of Federal Circuit Courts of Appeals have found the Warsaw Convention to, in a sense, preempt state remedies in supplying an exclusive cause of action for incidents of the type at issue here. *See, e.g., Boehringer–Mannheim Diagnostics v. Pan American World Airways,* 737 F.2d 456 (5th Cir.1984), *cert. denied,* 469 U.S. 1186, 105 S.Ct. 951, 83 L.Ed.2d 959 (1985); *In re Mexico City Aircrash,* 708 F.2d 400 (9th Cir.1983); *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir.1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979). Absent, however, any guidance from the Eleventh Circuit Court of Appeals, this Court shall adhere to the view set forth by Chief Judge James Lawrence King in *Rhymes v. Arrow Air, Inc.,* 636 F.Supp. 737 (S.D.Fla.1986), in holding that the Warsaw Convention, rather than supplying an exclusive cause of action, provides only an exclusive remedy for such actions, however founded. Judge King writes:

> Any recovery, no matter how founded, will be subject to the limitations of the convention

and further, that

> A review of the cases leads to the conclusion that the Plaintiff may choose to state his cause of action solely on a state law theory and bring the action in state court subject to the limitations of the convention.

*Id.* at 740, 741. Thus, a cause of action may be stated in terms of state law, though a plaintiff choosing to plead as such remains subject to the limitations set forth by the Convention, including, of course, limitations on damages.

As illustrated in *Rhymes,* a Plaintiff "may choose to state his cause of action solely on a state law theory," and further, the "mere pleading of a federal statute or treaty as a defense will not be enough to

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, *reprinted in* 49 U.S.C. § 1502 note (1976). The place of departure, Medellin, Colombia, and place of intended destination, New York, New York, are situated within territories of two High Contracting Parties to the Warsaw Convention.

invoke federal jurisdiction through removal if a federal cause of action does not appear on the face of the well pleaded complaint." *Id.* at 741 (citations omitted). While Plaintiff could have pleaded a federal cause of action, he has chosen to couch the complaint in terms of state law. This Court will not now disturb Plaintiff's choice of forum. This approach is consistent with the view repeatedly adhered to by this Judge as well as other Judges in this district in similar cases. *See Schuster v. Pan American World Airways, Inc.,* No. 83–1292–CIV–SMA (S.D.Fla. June 17, 1983); *Schuh v. Pan American World Airways, Inc.,* No. 83–1294–CIV–SMA (S.D.Fla. June 17, 1983); *Lebreton v. Pan American World Airways, Inc.,* No. 82–1289–CIV–ALH (June 6, 1983); *Quinion v. Pan American World Airways, Inc.,* No. 82–1769–CIV–EPS (Sept. 30, 1982); *Dara v. Pan American World Airways, Inc.,* No. 82–2151–CIV–JLK (Oct. 25, 1982).

THE COURT has considered the Motion, memorandum in support thereof (DE 5), the memorandum in opposition thereto filed by Defendants AEROVIAS NACIONALES DE COLOMBIA and AVIANCA, INC. (DE 8) as joined by Defendant COMMODORE AVIATION, INC. (DE 9), the pertinent portions of the record, and is otherwise fully advised in the premises. Accordingly, and based on the above, it is

ORDERED and ADJUDGED that Plaintiff's Motion for Remand, file dated May 8, 1990 be, and the same is hereby GRANTED. This Cause is accordingly REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, WITHOUT PREJUDICE to renew notice of removal if otherwise permitted by law in the event additional parties are added whose presence serves to confer alternative bases for federal jurisdiction upon this Court.

DONE AND ORDERED.