Ligia **CAMPOS, individually and as Administrator and/or Personal Representative of the Estate of Geraldo Siachoque Leon, deceased, Plaintiff,**

v.

**SOCIEDAD AERONAUTICA DE MEDELLIN CONSOLIDADA, S.A.; Aerovias Nacionales De Colombia, S.A.; North American Air Services Company, Inc.; Latin American Air Service Company; Avianca, Inc.; and Alejandro Velez, Defendants.**

No. 94–1030–CIV.

United States District Court,
S.D. Florida.

Dec. 30, 1994.

Thomas C. Woods, Kimbrell & Hamann, P.A., Richard Dunn, Dunn & Lodish, Miami, FL, Michael J. Holland, Condon & Forsyth, New York City, for defendants.

Aaron Podhurst, Victor Diaz, Joel S. Perwin, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, FL, for plaintiff.

### ORDER OF REMAND

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Plaintiff Ligia Campos' Motion to Remand, filed June 7, 1994. For the reasons stated below, the Court finds that this action was improvidently removed from state court.

### BACKGROUND

This action arises out of the crash of an airplane travelling from Panama City, Panama, to Medellin, Colombia, on May 19, 1993. On or about May 7, 1994, the plaintiff filed an Amended Complaint in state court solely under the Florida Wrongful Death Act, asserting claims for negligence and vicarious liability. On May 26, 1994, Defendant Sociedad Aeronautica de Medellin Consolidada, S.A. ("SAM") removed the action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331, asserting that the Warsaw Convention, officially denominated "Convention for the Unification of Certain Rules Relating to International Transportation by

Air," October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* 49 U.S.C. § 1502 note (1976), expressly governs this matter because the wrongful death claims arise out of international air transportation.[1] In addition, SAM filed an answer to the Amended Complaint that pled the limitation provisions of the Warsaw Convention as a defense.

### STANDARD OF REVIEW

■ A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction. *Glaziers, Glass Workers, Etc. v. Florida Glass & Mirror,* 409 F.Supp. 225, 226 (M.D.Fla.1976). In this regard, the removal statutes are strictly construed, so as to limit removal jurisdiction. "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Woods v. Firestone Tire & Rubber Co.,* 560 F.Supp. 588, 590 (S.D.Fla.1983).

■ The limitation of a defendant's right of removal is related to the principle that the grounds for removal must inhere in the plaintiff's complaint, rather than in a defense or a counterclaim. Wright, Miller and Cooper, 14A *Federal Practice & Procedure* § 3721, at 208 (1985). Specifically, "[t]he presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). *See also Rhymes v. Arrow Air, Inc.,* 636 F.Supp. 737, 741 (S.D.Fla.1986) ("The mere pleading of a federal statute or treaty as a defense will not be enough to invoke federal jurisdiction through removal if a federal cause of action does not appear on the face of the well pleaded complaint."). In analyzing the complaint, the Court must "determine whether a federal claim is 'necessarily presented by [the] plaintiff, even if [the] plaintiff has couched his pleadings exclusively in terms of state law.'" *Dean Witter Reynolds, Inc. v. Schwartz,* 550

---

1. With the exception of Latin American Air Service Company, which has yet to be served, all the remaining defendants joined in the notice of removal.

F.Supp. 1312, 1313 (S.D.Fla.1982) (quoting *Schultz v. Coral Gables Fed. Sav. & Loan Ass'n,* 505 F.Supp. 1003, 1008 (S.D.Fla. 1980)).

### DISCUSSION

■ In this case, the plaintiff has chosen to forego any federal cause of action under the Warsaw Convention and instead alleges only state law claims. Thus, the only basis for removal would be founded upon the "well-pleaded complaint" rule. *See Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir. 1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985). The only recognized exception to the well-pleaded complaint rule is in the case of federal preemption. "If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983). In this regard, SAM predicates the removal of this action upon its contention that the Warsaw Convention is the exclusive cause of action available to the plaintiff.

### The Exclusivity Debate

Prior to 1978, the Warsaw Convention was interpreted as not creating any independent cause of action. *See generally Velasquez v. Aerovias Nacionales de Colombia,* 747 F.Supp. 670, 674–75 (S.D.Fla.1990). In 1978, however, the Court of Appeals for the Second Circuit ruled that the Warsaw Convention does create its own wrongful death cause of action, which action is founded in federal treaty law. *Benjamins v. British European Airways,* 572 F.2d 913, 919 (2d Cir.1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979). Other circuits soon followed suit. *See, e.g., St. Paul Ins. Co. v. Venezuelan Int'l Airways, Inc.,* 807 F.2d 1543 (11th Cir.1987); *Boehringer–Manheim Diagnostics, Inc. v. Pan Am. World Airways,* 737 F.2d 456 (5th Cir.1984), *cert. denied,* 469 U.S. 1186, 105 S.Ct. 951, 83

L.Ed.2d 959 (1985); *In re Mexico City Aircrash of Oct. 31, 1979,* 708 F.2d 400 (9th Cir.1983). *But see Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 620 n. 5 (7th Cir.1989) (declining to address whether the Warsaw Convention creates a cause of action).

■ Accepting the general consensus that the Warsaw Convention creats an independent cause of action, the point of contention becomes whether that cause of action is exclusive, thereby preempting all state law claims. Contrary to SAM's intimations, the issue of whether the Warsaw Convention provides such an exclusive cause of action is far from settled. Indeed, the United States Supreme Court has twice declined to decide the issue. *See Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 553, 111 S.Ct. 1489, 1502, 113 L.Ed.2d 569 (1991); *Air France v. Saks,* 470 U.S. 392, 408, 105 S.Ct. 1338, 1346–47, 84 L.Ed.2d 289 (1985). Moreover, the circuit courts that have confronted the issue are clearly divided.

On the one hand, the Fifth Circuit has concluded that the cause of action created by the Warsaw Convention is exclusive. *Boehringer,* 737 F.2d at 459. In addition, the Third Circuit has indicated it would hold the same if directly presented with the exclusivity issue. *Abramson v. Japan Airlines Co.,* 739 F.2d 130, 134 (3d Cir.1984), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1776, 84 L.Ed.2d 835 (1985). On the other side of the debate, however, the Second Circuit has held that the Warsaw Convention does not create an exclusive cause of action, *Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.,* 617 F.2d 936, 942 (2d Cir.1980); and the Ninth Circuit has, on more than one occassion, recognized the non-exclusiveness of the Convention, *see In re Mexico City Aircrash,* 708 F.2d at 414 n. 25 and *In re Aircrash in Bali, Indonesia on Apr. 22, 1974,* 684 F.2d 1301, 1308, 1311 n. 8 (9th Cir.1982), *cert. denied,* 493 U.S. 917, 110 S.Ct. 277, 107 L.Ed.2d 258 (1989).[2] Moreover, while the

---

2. Interestingly, the Second Circuit has since receded from this position, and now maintains that the cause of action *is* exclusive. *In re Air Disaster at Lockerbie, Scotland on Dec. 21, 1988,* 928

F.2d 1267, 1274 (2d Cir.), *cert. denied sub nom Rein v. Pan Am. World Airways, Inc.,* 502 U.S. 920, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991). In *Lockerbie,* the Second Circuit predicated its hold-

Court of Appeals for the District of Columbia has declined to decide the issue, its Chief Judge has criticized the Second Circuit's *Lockerbie* decision, finding it "somewhat astonishing in light of [its] own precedents." *In re Korean Air Lines Disaster of Sept. 1, 1983,* 932 F.2d 1475, 1492 (D.C.Cir.) (Mikva, C.J., dissenting in part) ("The fundamental error of the *Lockerbie* court's decision is the premise that the cause of action provided by the Warsaw Convention is exclusive, and my colleagues are wise not to enter this fray unnecessarily."), *cert. denied sub nom Dooley v. Korean Air Lines Ltd.,* 502 U.S. 994, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991).[3]

Like the court in *In re Korean Air Lines Disaster,* the Eleventh Circuit has abstained from deciding the issue of exclusivity. *Floyd v. Eastern Airlines, Inc.,* 872 F.2d 1462, 1482 (11th Cir.1989), *rev'd on other grounds,* 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991). The court in *Floyd* did, however, determine that *inconsistent* state law claims are preempted by the Warsaw Convention. The court has also concluded that the Warsaw Convention provides the exclusive *remedy. St. Paul,* 807 F.2d at 1546 (emphasis added). Moreover, the majority of judges in this district who have addressed the exclusivity issue, including the undersigned, have concluded that "the Warsaw Convention does not create an exclusive cause of action; it merely provides litigants their exclusive remedy." *Union Iberoamericana v. American Airlines, Inc., et al.,* 1994 WL 395329 1994 U.S.Dist. LEXIS 10483 (S.D.Fla. July 19, 1994) (Highsmith, J.). *See also Clark v. United Parcel Service., Inc.,* 778 F.Supp. 1209 (S.D.Fla.1991). *But see Velasquez v.*

*Aerovias Nacionales de Colombia,* 747 F.Supp. 670 (S.D.Fla.1990) (Scott, J.) (Warsaw Convention is exclusive cause of action). The majority reasoned that the Warsaw Convention "provides an exclusive remedy by strictly limiting an international air carrier's liability, but does not preclude an action based on state law as the vehicle to obtain that limited remedy." *Union Iberoamericana,* 1994 WL 395329, *2, 1994 U.S.Dist. LEXIS 10483, at *6. In this regard, the Warsaw Convention's goal of uniformity is maintained "not by creating a single federal cause of action which preempts state law, but by capping the amount of damages recoverable under both federal and state law causes of action." *Id.* at *2.

In view of the substantially divergent opinions on this question of law and this district's near unanimous position on the issue, and given the silence of both the Supreme Court and the Eleventh Circuit, the Court is reluctant to follow the *Lockerbie* court's lead and do an "about-face" on the exclusivity issue. Hence, the Court shall respectfully decline SAM's invitation to recede from the majority position of this district. Accordingly, the Court finds that the Warsaw Convention does not provide the exclusive cause of action available to the plaintiff in the case *sub judice.*

■ Applying the well-pleaded complaint rule to this case, and in light of the Court's determination that the Warsaw Convention is not an exclusive cause of action, the Court finds that the Amended Complaint "does not arise under federal law so as to confer re-

---

ing on the assertion that the language in *Tokio Marine* addressing the exclusivity issue was merely dicta. *See also Zicherman v. Korean Air Lines Co.,* 43 F.3d 18 (2d Cir.1994) ("Where injuries occur on an international flight, the Warsaw Convention provides an exclusive cause of action."). It is on the *Lockerbie* decision that SAM principally relies for its proposition that the Warsaw Convention creates an exclusive cause of action.

**3.** The Court notes that some of its sister courts are likewise divided on the issue of whether a cause of action created by the Warsaw Convention is exclusive. *Compare Romero v. Aerolineas Argentinas,* 834 F.Supp. 673 (D.N.J.1993) (Warsaw Convention only preempts conflicting state

laws); *Morgan v. United Air Lines, Inc.,* 750 F.Supp. 1046 (D.Colo.1990) (state law not preempted); *In re Air Crash Disaster at Gander, Newfoundland on Dec. 12, 1985,* 660 F.Supp. 1202 (W.D.Ky.1987) (cause of action not exclusive) and *Hill v. United Airlines,* 550 F.Supp. 1048 (D.Kan.1982) (cause of action not exclusive) *with Luna v. Compania Panamena De Aviacion, S.A.,* 851 F.Supp. 826 (S.D.Tex.1994) (exclusive cause of action); *Jack v. Trans World Airlines, Inc.,* 820 F.Supp. 1218 (N.D.Cal.1993) (exclusive cause of action); *Bazzy v. Royal Jordanian Airlines,* 1992 WL 106381 (E.D.N.Y.1992) (exclusive cause of action) and *Jahanger v. Purolator Sky Courier,* 615 F.Supp. 29 (E.D.Pa.1985) (exclusive cause of action).

**1060**

moval jurisdiction under 28 U.S.C. §§ 1331 and 1441." *Clark,* 778 F.Supp. at 1211.[4]

### CONCLUSION

Based upon the foregoing considerations, the Court finds that it does not have federal question jurisdiction over this matter. Accordingly, it is

ORDERED AND ADJUDGED that plaintiff's motion to remand is GRANTED. This cause is hereby REMANDED to state court for all further proceedings. Any pending motions are DENIED WITHOUT PREJUDICE AS MOOT, and this case is CLOSED.

DONE AND ORDERED.

---

**4.** The Court also finds that SAM's pleading the Warsaw Convention as an affirmative defense does not provide a proper basis for removal.