**AIR EXPRESS INTERNATIONAL, INC., Plaintiff,**

v.

**AEROVIAS DE MEXICO S.A. DE C.V. d/b/a Aeromexico, Defendant.**

**No. 97–0578–CIV.**

United States District Court, S.D. Florida.

June 30, 1997.

**1192**

E. Emelina Mejer–Kondla, Armstrong & Mejer, Coral Gables, FL, for Plaintiff.

Thomas C. Woods, Miami, FL, for Defendant.

### ORDER OF REMAND

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon the Plaintiff, Air Express International, Inc.'s Motion to Remand, filed May 18, 1997.

*Background*

According to the Complaint, between February 14, 1995 and August 27, 1996 Plaintiff delivered various cargo to the Defendant for transportation between Miami, Florida, Mexico City, Mexico and Guadalajara, Mexico. The Plaintiff alleges that its cargo was lost or damaged while under the Defendant's care, custody and control. Plaintiff originally brought this action in the Eleventh Judicial Circuit in and for Dade County, Florida, asserting claims for breach of contract and negligence.

On March 7, 1997, the Defendant removed the action to this Court, on the grounds that this Court has exclusive jurisdiction pursuant to a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 (the "Warsaw Convention") 49 Stat. 3000 (1934), T.S. No. 876, *reprinted in* 49 U.S.C.App. § 1502 (1976). The Warsaw Convention regulates international air transportation. The Convention applies to "all international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention Art. I. Article 24 of the Convention provides that "any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention."

In the instant Motion, Plaintiff asserts that since only state law claims were raised in the Complaint, under the well-pleaded complaint rule, federal question jurisdiction does not exist in this matter.

*Discussion*

■ Federal Courts, including those courts within this district have split on the issue of whether the Warsaw Convention creates an exclusive cause of action for international air carriers, thereby preempting state law, or whether the Convention merely limits the amount of recovery for a state law cause of action. However, the majority of judges in this district have determined that the Warsaw convention does not create an exclusive cause of action. *See e.g. Rhymes v. Arrow Air, Inc.*, 636 F.Supp. 737 (S.D.Fla. 1986) (King, J); *Campos v. Sociedad Aeronautica De Medellin Cons., S.A.*, 882 F.Supp. 1056 (S.D.Fla.1994) (Highsmith, J.); *Clark v. United Parcel Service, Inc.*, 778 F.Supp. 1209 (S.D.Fla.1991) (Moreno, J.); *Calderon v. Aerovias Nacionales De Colombia Avianca*, 738 F.Supp. 485 (S.D.Fla.1990), *appeal dismissed*, 929 F.2d 599 (11th Cir.1991), *cert. denied*, 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991)(Aronovitz, J.) [1]

In addition, the Supreme Court characterized Article 24 as a "pass through," directing courts to apply the law that would govern in the absence of the Warsaw Convention.

---

1. In cases arising out of the air crash of a Pan American flight in 1982, seven other judges remanded cases to state court holding that the Convention allows causes of action arising under both state and federal law. These judges included Judge Atkins, Judge Davis, Judge Hastings, Judge Hoeveler, Judge Kehoe, Judge King and Judge Spellman.

*Zicherman v. Korean Air Lines Co., Ltd.,* 516 U.S. 217, ——, 116 S.Ct. 629, 636, 133 L.Ed.2d 596 (1996). In *Zicherman,*he Death on the High Seas Act, a federal statute, supplied the rule of law. Id. at ——, 116 S.Ct. at 636. "The Court cautioned that, notwithstanding any desire for uniformity, the Warsaw Convention does not empower United States federal courts 'to develop some common-law rule under cover of general admiralty law or otherwise that will supersede the normal federal disposition.'" *Brinks Ltd., v. South African Airways,* 93 F.3d 1022, 1029 (2nd Cir.1996), *cert. denied* —— U.S. ——, 117 S.Ct. 959, 136 L.Ed.2d 845 (*quoting Zicherman,* 516 U.S. at ——, 116 S.Ct. at 636.) Following this rationale, the Second Circuit determined that since the drafters did not enact a substantive rule of law within the Convention, the Convention merely acts as a "pass through," directing courts to apply the law that would govern in the absence of the Warsaw convention. *Brinks,* at 1029.

Accordingly, this Court agrees with the majority of judges in this district and finds that the Warsaw Convention does not provide the exclusive cause of action, but merely caps the amount of damages recoverable under federal or state law.

As Plaintiff has chosen to solely file state law claims for breach of contract and negligence, the only basis for removal would be founded upon the well-pleaded complaint rule. Under this rule, a federal question does not exist unless it is an essential element of the plaintiff's cause of action and appears on the face of the plaintiff's well-pleaded complaint. *Oklahoma Tax Com'n,* 489 U.S. at 840, 109 S.Ct. at 1521; *Holiday v. Travelers Ins., Co.,* 666 F.Supp. 1286, 1288 (W.D.Ark.1987). A defense that raises a federal question is inadequate to invoke federal question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

Therefore, since Plaintiff's Complaint sounds only in state law, does not raise a federal question and because the Warsaw Convention is not exclusive, Plaintiff's Complaint does not arise under federal law so as to confer removal jurisdiction under 28 U.S.C. §§ 1331 and 1441. Accordingly, it is,

**ORDERED AND ADJUDGED** that Plaintiff's Motion to remand is hereby GRANTED. This case is REMANDED to the Eleventh Judicial Circuit in and for Dade County, Florida.