Gary **GENDRON** and Karen Yale, jointly and severally, Plaintiffs,

v.

**FRANKLIN LIFE INSURANCE COMPANY**, a foreign corporation and Craig Goodie, jointly and severally, Defendants.

No. 97–251–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Sept. 30, 1997.

---

**1234**

Norman Malinski, Norman Malinski, P.A., Aventura, FL, for Plaintiffs.

Brenton Neil VerPloeg, Brenton N. VerPloeg, P.A., Miami, FL, Ivonne Prieto, Law Office of Brenton N. VerPloeg, Miami, FL, for Defendants.

## ORDER ON MOTION TO DISMISS AND MOTION FOR REMAND

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the Motion to Dismiss with prejudice of Defendants Franklin Life Insurance Company ("Franklin") and Craig Goodie ("Goodie") and Plaintiffs Motion for Remand.

### FACTS

On April 4, 1997 Plaintiffs filed this action in state court in Lee County Florida, alleging a breach of contract relating to the administration of Plaintiffs' pension fund. Specifically, Plaintiffs allege Defendants breached a contractual duty by:

A. Failing to properly administer the Plaintiff's pension plan, resulting in inappropriate and non-allowable plan contributions;

B. Selling Plaintiff's insurance products inappropriate for the pension plan and inappropriate for Plaintiff's long term financial objectives;

C. Failing to complete and file required tax reports;

D. Failing to prepare and distribute summary annual reports.

Defendant Franklin filed a notice of removal to federal court on March 28, 1997. Defendant Franklin cited federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Original jurisdiction was established pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (1997) ("ERISA"). Removal was granted on June 5, 1997.

### STANDARD OF REVIEW

The Court should not dismiss Plaintiffs' complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80

(1957). Additionally, a trial court when considering a motion to dismiss must consider the plaintiff's allegations as true. *See Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

■ Doubts as to whether removal of an action is permissible should be resolved against removal. *See Roe v. O'Donohue,* 38 F.3d 298, 303 (7th Cir.1994). This Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." *See Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.,* 882 F.Supp. 1056, 1057 (S.D.Fla.1994). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *See Id.*

### DISCUSSION

Defendants argue that Plaintiffs' breach of contract claim is governed by ERISA exclusively since it relates to an employee benefit plan. However, Plaintiffs state they are not making any claim under ERISA, but are making simply a breach of contract claim related to Defendants' actions as financial planners and administrators.

Section 514(a) of ERISA provides that its provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and are not exempt under section 1003(b) of this title." *See* 29 U.S.C. § 1144(a) (1997). Section 1003(a)(1) provides that ERISA applies to all employee benefit plans established or maintained "by an employer engaged in commerce or in any industry or activity affecting commerce." *See* 29 U.S.C. § 1003(a)(1) (1997). The exemptions contained within section 1003(b) do not apply to this case.

The Supreme Court has repeatedly stated that the term "relates to" should be given its broad common sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 49, 107 S.Ct. 1549, 1553–54, 95 L.Ed.2d 39 (1987); *see also, Metropolitan Life Ins. Co. v. Massachusetts;* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103

S.Ct. 2890, 77 L.Ed.2d 490 (1983). ERISA defines an employee benefit plan as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." *See* 29 U.S.C. § 1002(3) (1997).

In their original complaint, Plaintiffs referred to the basis of this action as a breach of duty related to their pension plan. (Complaint ¶ 9). Any breach of duty related to such a pension plan would clearly be related to a benefit plan as intended by ERISA. Since such a relationship exists between Plaintiffs' complaint and ERISA, this action is appropriately addressed under the ERISA statute due to the federal preemption clause contained within Section 514(a) of ERISA. Consequently, any relief would need to be pursuant to the civil enforcement provision of ERISA. *See* 29 U.S.C. § 1132 (1997).

■ It is undisputed by the parties that Defendant Franklin is not an administrator or trustee (Plaintiffs' Memorandum Supporting Motion To Remand ¶ 2). Therefore, Defendant Franklin cannot be held liable under ERISA, since it is not an ERISA entity subject to recovery as defined within the statute. *See* 29 U.S.C. § 1132. The recovery available under ERISA is only for actions against the administrator or trustee. *See Id.*

■ However, Plaintiffs still can maintain state causes of action that are not significantly related to ERISA. *See Morstein v. National Ins. Services, Inc.,* 93 F.3d 715 (11th Cir.1996). In *Morstein,* the court held that a state law claim for misrepresentation against an independent insurance broker was not preempted by ERISA. *See Id.* at 722. The *Morstein* case was very similar to the present case in that it involved claims of state law negligence, malfeasance, misrepresentation, and breach of contract claims. *See Id.* at 716–17. The *Morstein* court held that the state law claims against the insurance broker were not preempted by ERISA. *See Id.* at 722. Under *Morstein* Plaintiffs can maintain their state law causes of action against Defendant Goodie, an independent insurance agent.

■ In *Garren v. John Hancock Mutual Life Ins. Co.,* 114 F.3d 186 (11th Cir.1997),

the Eleventh Circuit specifically ruled that a claim against the plan insurer was preempted by ERISA. *See Id.* at 187. In *Garren,* the employer was the plan administrator, and the Eleventh Circuit held that to hold the non-ERISA insurer liable would affect the relationship between the ERISA entities. *See Id.* at 188. Since, Defendant Franklin is a non-ERISA insurer like defendant John Hancock in *Garren,* Plaintiffs cannot state a cause of action against Defendant Franklin in light of *Garren.*

No federal question issues remain because the pension plan administrators were not named parties to this suit as required by the ERISA statute. Therefore, Plaintiffs' only available causes of action are their state law claims against Defendant Goodie. Accordingly, it is

**ORDERED** that Defendant Franklin's Motion to Dismiss (Dkt.2) is **granted** with regard to Defendant Franklin, Plaintiffs' Motion to Remand (Dkt.10) is **granted** with regard to state law claims against Defendant Goodie, and all other pending motion be **denied** as moot.