# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1745

_____

| | |
|---|---|
| Robert A. Husmann, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Trans World Airlines, Inc., | * |
| | * |
| Defendant - Appellee. | * |

_____

Submitted: September 25, 1998
Filed: March 8, 1999

_____

Before BOWMAN, Chief Judge, JOHN R. GIBSON and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Robert A. Husmann sued Trans World Airlines for injuries he sustained in a fall while boarding an airplane in London, England on October 5, 1991. The district court[1] denied Husmann's motion to remand the case to state court for lack of subject matter jurisdiction and granted summary judgment to T.W.A., ruling that the two-year

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

statute of limitations contained in the Warsaw Convention[2] barred Husmann's claim. We affirm.

Husmann was injured on October 5, 1991, when he tripped over luggage while boarding a T.W.A. flight from London, England to St. Louis, Missouri.  On April 21, 1997, Husmann sued T.W.A. in Missouri state court.  T.W.A. removed the case on the basis of federal question jurisdiction, specifically, the Warsaw Convention.  The Warsaw Convention governs carrier liability for personal injuries sustained in an accident during international travel.

The district court granted summary judgment to T.W.A., concluding that Husmann's claim was barred under the  two-year statute of limitations contained in the Warsaw Convention.[3]  Husmann appeals, arguing that his claim  is not governed by the Warsaw Convention and that the district court has no subject matter jurisdiction.  He also contends that even if the Warsaw Convention applies, his claim was tolled during the time T.W.A. was under bankruptcy protection.

**I.**

Husmann first claims that the district court had no subject matter jurisdiction.

---

[2]Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C.  § 40105 note  (1994).

[3]Article 29 of the Convention provides that the right to damages shall be extinguished if an action is not brought within two years from the date of arrival at the destination.  See 49 U.S.C. § 40105.

The existence of subject matter jurisdiction is a question of law that this court reviews de novo.  See Osborn v. United States, 918 F.2d 724, 729-730 (8th Cir. 1990).

Husmann contends that his petition was based on Missouri tort law, not the Warsaw Convention.  He contends that the Convention does not completely preempt personal injury claims arising out of incidents on international flights, and that state law actions continue to exist.  Because his petition in state court was not based on the Warsaw Convention and sought less than the damage limit of the Convention, Husmann argues there was no basis for federal jurisdiction under the "well pleaded complaint rule."  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The well pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See id.  Husmann contends that he relied only on state law, and that there is no basis for deciding the case under federal law.  Husmann concedes that if there is complete preemption, then his claim is converted to a federal claim.  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  Id. at 393.

Husmann contends that his case is governed by the five-year statute of limitations contained in Missouri law.  See Mo. Rev. Stat. § 516.120 (1994). Husmann admits that even under Missouri law his suit would "ordinarily" be barred because he arrived at his destination on or about October 6, 1991, and he did not file suit until April 17, 1997.  He claims, however, that his suit was tolled during the period when he could not bring suit under the automatic stay provision of section 362 of the Bankruptcy Code.  See 11  U.S.C. §  362 (1994).

T.W.A. filed a voluntary petition for bankruptcy on January 31, 1992.  The bankruptcy court lifted the permanent injunction and authorized suits against T.W.A.

to the extent of insurance coverage on April 6, 1995. T.W.A. filed a second petition for bankruptcy on June 30, 1995. Husmann claims these bankruptcy filings tolled the statute for over three years, and thus, he falls within the five-year limit of Missouri law.

Although the Eighth Circuit has not decided whether the Warsaw Convention preempts state law causes of action, we do not write on a blank slate. The Second and Fifth Circuits have both considered the question and decided that the Warsaw Convention preempts state law causes of action. See Shah v. Pan American World Serv. Inc., 148 F.3d 84, 97-98 (2d Cir. 1998), cert. denied, 67 U.S.L.W. 3393, 3394 (U.S. Feb. 22, 1999) (Nos. 98-905, 98-907); Fishman v. Delta Airlines, Inc.,132 F.3d 138, 141 (2d Cir. 1998); In re Air Disaster at Lockerbie, Scotland, 928 F.2d 1267, 1278 (2d Cir. 1991), cert. denied, 502 U.S. 920 (1991); Potter v. Delta Airlines, Inc., 98 F.3d 881, 884-87 (5th Cir 1996); Boehringer-Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc., 737 F.2d 456, 458 (5th Cir. 1984), cert. denied, 469 U.S. 1186 (1985).

In finding federal preemption, the Second and Fifth Circuits relied on the fact that the announced goals of the Warsaw Convention were to provide uniformity and certainty in the laws governing international air carrier liability. The courts concluded that allowing state causes of action for death and injuries suffered by passengers on international flights would frustrate these goals. See Lockerbie, 928 F.2d at 1275; Boehringer, 737 F.2d at 459; Potter, 98 F.3d at 885. As the Second Circuit succinctly stated: "[T]he existence of state causes of action would not only result in the inconsistent application of law to the same accident, but also would cause enormous confusion for airlines in predicting the law upon which they would be called to respond." Lockerbie , 928 F.2d at 1276.

Husmann contends that remanding his claim to state court will not violate the purposes of the Warsaw Convention because his claim does not exceed the specified

maximum amount of damages under the Convention. For support, Husmann relies on three district court decisions,[4] which have held that the Warsaw Convention supplies only the exclusive remedy for claims arising from international transportation, and that state law claims are viable as long as they are subject to the limitations of the Convention. After carefully considering the district court decisions, we conclude that they are unpersuasive. Permitting a state court action would undermine the "uniformity" and "certainty" embodied in the Warsaw Convention. See Zicherman v. Korean Air Lines Co., 516 U.S. 217, 230 (1996) (a primary function of the Warsaw Convention is to foster uniformity in the laws governing international air carrier liability); Lockerbie, 928 F.2d at 1275. The Second and Fifth Circuits have provided a thorough and detailed analysis of their rulings, and we are fully convinced that Husmann's state law cause of action is completely preempted by the Warsaw Convention.[5]

---

[4]See Campos v. Sociedad Aeronautica De Medellin Consolidada, S.A., 882 F. Supp. 1056, 1058-59 (S.D. Fla. 1994); Lavadenz de Estenssoro v. American Jet, S.A., 944 F. Supp. 813, 817-18 (C.D. Cal. 1996); Air Exp. Int'l v. Aerovias de Mexico S.A. De C.V., 977 F. Supp. 1191, 1192-93 (S. D. Fla. 1977).

[5]The Supreme Court recently held that "recovery for a personal injury suffered 'on board' [an] aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all." El Al Israel Airlines, Ltd. v. Tseng, 119 S. Ct. 662, 668 (1999) (internal citation omitted). Tseng was based on an invasive but routine security search of an international passenger which did not qualify as an "accident" under the Convention. See id. at 669. The Supreme Court expressly decided that "[g]iven the Convention's comprehensive scheme of liability rules and its textual emphasis on uniformity, we would be hard put to conclude that the delegates at Warsaw meant to subject air carriers to the distinct, nonuniform liability rules of the individual signatory nations." Id. at 672. The Supreme Court's decision in Tseng may control here, but at the very least, it reinforces our decision that Husmann's state law cause of action is completely preempted by the Warsaw Convention.

We also think the Supreme Court's holding that the Warsaw Convention

We also conclude that even if the statute of limitations period of Missouri law applied, Husmann could still not bring suit. Husmann relies on the automatic stay provision of section 362 to come within the five-year period. The Bankruptcy Code does not provide that a statute of limitations is tolled during the period of bankruptcy. It provides that the action must be commenced within thirty days after notice of the termination or expiration of the stay. See 11 U.S.C. § 108(c)(2). In this case, the bankruptcy court terminated the stay on April 6, 1995. Husmann did not file suit until April 21, 1997, well beyond the thirty-day window. T.W.A.'s second bankruptcy filing on June 30, 1995, makes no difference. Husmann had thirty days from April 6, 1995, and so he was already out of time by June 30, 1995.

## II.

Husmann next argues that even if the two-year statute of limitations period contained in the Warsaw Convention applies, his suit was tolled during the time T.W.A. was operating under the protection of the United States Bankruptcy Code. Article 29(2) of the Convention states: "The method of calculating the period of limitations shall be determined by the law of the court to which the case is submitted."

Mo. Rev. Stat. § 516.260 states: "Whenever the commencement of any suit shall be stayed by an injunction of any court or officers authorized to grant the same, the time during which such injunction shall be in force shall not be deemed any portion of the [statute of limitations period]." Husmann claims that the statute of

provides the exclusive cause of action for injuries sustained during international air transportation answers the dissent's argument that Husmann's claim is not removable under the well-pleaded complaint rule. See also Luna v. Compania Panamena De Aviacion, S.A. 851 F. Supp. 826, 831 (S. D. Tex. 1994) (approving removal of claims covered by Warsaw Convention.)

limitations was tolled from January 31, 1992 (when T.W.A. filed Chapter 11 petition) until April 6, 1995 (when the bankruptcy court lifted the permanent injunction), and then again from June 30, 1995 (when T.W.A. filed a second bankruptcy petition) until August 2, 1995 (when T.W.A. was discharged from bankruptcy). Husmann claims these two bankruptcy filings tolled the statute for more than three years, and so he falls within the two-year limit of the Warsaw Convention.

We reject Husmann's argument that the tolling provision contained in Missouri law applies under Article 29(2). The Second Circuit rejected a similar argument in Fishman, 132 F.3d at 143-45. The court characterized the time limitation in Article 29 as "a condition precedent to suit, a kind of limitation that is often deemed not subject to tolling." Id. at 143. The Second Circuit also pointed out that the drafters of the Convention specifically rejected a proposed revision that would have allowed the limitations period to be tolled according to the law of the forum court. Id. at 144.

The district court did not err in denying Husmann's motion to remand the case to state court and in ordering summary judgment for T.W.A.

We affirm the judgment of the district court.


MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

One may concede that El Al Israel Airlines, Ltd. v. Tseng, 1999 WL 7724, at *4 (U.S. Jan. 12, 1999), holds that Mr. Husmann's state-law claim is preempted, but that does not necessarily mean that it is removable to a federal district court. The state courts are (indeed, they must be) open to preemption defenses, and the court does not indicate why the preemption created by the Warsaw Convention is the kind that allows a defendant to evade the well-pleaded complaint rule. Most of the cases

that the court relies on were not removed to a federal court, and in none of them was the question of whether removal was proper raised or decided.

Some highly respected commentators on matters touching on federal jurisdiction have noted that "[b]ecause of the obvious federalism implications of the complete-preemption doctrine, its application has been extremely limited by the courts." C. Wright, A. Miller, and E. Cooper, 14B Federal Practice and Procedure: Jurisdiction 3d § 3722.1, at 517 (1998). Indeed, those same commentators offer the view that "most attempts by state court defendants to remove by invoking the complete-preemption doctrine have been rebuffed by the federal courts on a motion by the plaintiff to remand." Id., at 543-45.

Most courts that have faced the question of complete preemption have asked whether Congress intended not merely to provide a federal defense to a state cause of action but to transform that cause of action into a federal one. To show that Congress intended to "federalize" a state-law claim is a heavy burden for a defendant to carry. He or she must show that the federal law in question (here, the Warsaw Convention) contains a civil enforcement provision that creates a cause of action that replaces the relevant state law and that Congress has specifically granted jurisdiction to the federal courts to enforce the rights created. Only then can a court conclude that Congress intended to make the claims removable. See Aaron v. National Union Fire Insurance Company, 876 F.2d 1157, 1164-65 (5th Cir. 1989), cert. denied, 493 U.S. 1074 (1990).

In the case before us, the court does not indicate why it believes Mr. Husmann's case is completely preempted, and it seems clear to me that the defendant's removal of the case cannot survive the application of the principles outlined in Aaron: The defendant has not directed our attention to any statute, nor has my research revealed any, specifically conferring federal jurisdiction over claims under the Warsaw Convention. In these circumstances, I would be hard put to find a congressional

intention to make this case removable.  I would therefore reverse the judgment of the district court and remand the case for remand to the state court from which, I believe, it was improperly removed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.