Kimberlee Berner MARTIN, R.N.,
and Val Fredrick Moller,
R.N., Plaintiffs,

v.

MENTOR CORPORATION, a foreign
corporation, Defendant.

No. 8:01–CV–89–T–17EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

May 31, 2001.

Yardley D. Buckman, II, Amiee R. Buckman, Buckman & Buckman, Sarasota, FL, Altom M. Maglio, Law Office of Altom M. Maglio, Sarasota, FL, for plaintiffs.

Eric S. Adams, Carlton Fields, P.A., Tampa, FL, Edward J. Sebold, Kevin D. Boyce, Jones, Day, Reavis & Pogue, Cleveland, OH, for defendant.

### *ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND*

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiffs' Motion for Remand to state circuit court (Dkt.11), Plaintiffs' Memorandum of Law in Support of Motion for Remand (Dkt.12), and Defendant's Opposition to Plaintiffs' Motion to Remand (Dkt.13).

## I. STANDARD OF REVIEW

■ Doubts concerning whether removal of an action is permissible should be resolved against removal. *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir.1994). The Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*, 882 F.Supp. 1056, 1057 (S.D.Fla.1994). "Where there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded." *Id.*

■ Statutes conferring diversity and removal jurisdiction should be strictly construed. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Removal statutes are strictly construed because: 1) the exercise of removal is in derogation of state sovereignty; 2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; 3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and 4) 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials. *Hill v. Gen. Motors Corp.*, 654 F.Supp. 61 (S.D.Fla. 1987).

## II. FACTS AND PROCEDURAL HISTORY

On August 31, 2000, Plaintiffs, Kimberlee Berner Martin, R.N. and her husband,

Val Fredrick Moller, R.N. ("Plaintiffs"), filed suit against defendant Mentor Corporation ("Defendant Mentor") in the Twelfth Judicial Circuit, Sarasota County, Florida. In the Complaint, Plaintiffs allege personal injuries and loss of consortium, respectively, related to various product liability claims. (Dkt.2). The Complaint states that Plaintiffs seek "damages that exceed $15,000.00." (Dkt.2).

On December 11, 2000, Plaintiffs faxed and mailed a Proposal for Settlement ("Proposal") to Defendant Mentor. (Dkt.11). Defendant Mentor received the facsimile the same day and received Plaintiffs' Proposal via U.S. Mail on December 13, 2000. (Dkt.1). The Proposal contained a demand for $175,000.00 for the full and final release of Plaintiffs' claim against Defendant Mentor. (Dkt.11).

On January 12, 2001, Defendant Mentor filed its Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441. (Dkt.1). This Court granted removal in its Order on Removal dated January 23, 2001. (Dkt.9). On February 1, 2001, Plaintiffs filed the instant Motion for Remand pursuant to 28 U.S.C. § 1447. (Dkt.11). Plaintiffs assert that Notice of Removal was filed more than thirty days after Defendant Mentor received notice that the case was removable and, pursuant to 28 U.S.C. § 1446(b), that the case should be remanded to state court. (Dkt.11). Plaintiffs further seek attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (Dkt.11).

Defendant Mentor's response asserts that its Notice of Removal was timely and that it did not waive its right to remove the case. (Dkt.13). Defendant Mentor further argues that the thirty days specified in 28 U.S.C. § 1446(b) began on December 13, 2001, when it received the U.S. Mail copy, rather than the faxed copy, of Plaintiffs' Proposal. (Dkt.13).

## III. DISCUSSION

The issue in this case is whether Defendant Mentor's facsimile receipt of Plaintiffs' Proposal was legally sufficient notice to commence the thirty-day period during which Defendant Mentor could file a notice of removal under 28 U.S.C. § 1446(b). Plaintiffs contend that Defendant Mentor waived its right to remove this case by filing the instant Notice of Removal thirty-two days after receipt of Plaintiffs' facsimile. (Dkt.11). Defendant Mentor argues proper notice that the case was removable was not received until delivery of Plaintiffs' Proposal via U.S. Mail. (Dkt.13).

A state court action may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal district courts shall have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. Plaintiffs are residents and citizens of Florida; Defendant Mentor is a corporate citizen of both Minnesota and California. (Dkt.2). The complete diversity requirement is satisfied.

Plaintiffs' Complaint does not specify a particular amount for damages, instead stating that Plaintiffs sought "damages that exceed $15,000.00." (Dkt.2). Where a plaintiff does not specify a demand for damages, the removing defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996). The initial pleadings in this case do not support the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a).

■ However, a notice of removal may be filed within thirty days after receipt by the defendant of an amended pleading, order, or other paper from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b). Defendants may use a variety of documents, including a written settlement demand, as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable. *Essenson v. Coale*, 848 F.Supp. 987, 989–90 (M.D.Fla.1994). Defendant Mentor relied properly on Plaintiffs' Proposal, containing the demand for $175,000, as an "other paper" from which it could determine the case was removable because the amount in controversy requirement was satisfied.

■ Defendant Mentor relies on *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In *Murphy*, the Supreme Court held that the thirty-day removal period under 28 U.S.C. § 1446(b) did not begin to run from the date defendant received the complaint via facsimile, but rather from the date the defendant was formally served via certified mail. *Id.* at 355, 119 S.Ct. 1322. The formality associated with service of process and of receipt of the complaint is "fundamental to any procedural imposition on a named defendant." *Id.* at 349, 119 S.Ct. 1322. However, the instant case involves notice under 28 U.S.C. § 1446(b) subsequent to formal service of process and receipt of the complaint.

■ Once the Defendant is properly before the court, as here, and discovers grounds for removal, Defendant must remove "within thirty days of discovering those grounds, regardless of whether such information is contained in properly served amended pleadings or from some other source...." *Trahant v. Metropolitan Property and Casualty Ins. Co.*, 2000 WL 1473598 (E.D.La.) (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir.1999)). The statute does not require formal service, but notice must be in writing. *Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 81 (S.D.Miss.1995). Defendant Mentor's receipt of Plaintiff's facsimile satisfied the required written notice when it was received on December 11, 2000.

■ Plaintiffs seek reimbursement of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). The award of attorney's fees and costs under this section is discretionary with the trial court. *IMCO USA, Inc. v. Title Insurance Company of Minnesota*, 729 F.Supp. 1322 (M.D.Fla. 1990). Where subject matter jurisdiction is lacking, this Court has adopted the standard applied by other courts that a showing of bad faith is not necessary as a predicate to the award of attorney's fees. *Liebig v. DeJoy*, 814 F.Supp. 1074 (M.D.Fla.1993). The Court notes that the present case would have been removable if it were not for the procedural defect of untimeliness. The Court further notes that there are two lines of cases addressing the issue of when the thirty day limit for removal begins. Each line leads to a different conclusion. *See Torres v. AIG Claim Services, Inc.*, 957 F.Supp. 1271 (1997). After considering whether Defendant acted reasonably based on information available at the time of removal, the Court declines to award fees and costs.

In conclusion, the Court finds that the facsimile receipt of Plaintiffs' Proposal on December 11, 2000, constituted legally sufficient notice for purposes of 28 U.S.C. § 1446(b) and that Defendant Mentor waived its right to removal. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Remand (Dkt.11) is **granted,** and this case

is remanded to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County. Plaintiffs' Motion for Attorney's Fees (Dkt.11) is **denied.**