Arthur REDL, Dr.; Marie Magdalena Redl, husband and wife, Appellants,

v.

NORTHWEST AIRLINES, INC.; Northwest Airlines Corporation, Appellees.

No. 01–1313.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 2001.

Filed Oct. 31, 2001.

Before BYE, FAGG, and RILEY, Circuit Judges.

PER CURIAM.

Dr. Arthur Redl and Marie Magdalena Redl appeal the dismissal of a personal injury action that arose in connection with an international Northwest Airlines flight. The district court found the action was barred by the statute of limitations provisions of the treaty popularly known as the Warsaw Convention.[1] We affirm.

On January 5, 1995, Dr. Arthur Redl, a passenger on an international Northwest Airlines flight, was injured as the plane landed in Minneapolis/St. Paul. Dr. Redl and his wife, Marie Magdalena Redl, both Hungarian citizens, filed an action for per-

sonal injury in Minnesota state court on December 16, 1996. While that action was pending, the Supreme Court on January 12, 1999, ruled that the Warsaw Convention preempts state court personal injury claims brought by passengers on international flights. *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 161, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). Accordingly, the Minnesota state court dismissed the Redls' claim for lack of subject matter jurisdiction on December 20, 1999.

The Redls filed a similar personal injury complaint in federal district court on December 15, 1999. Northwest Airlines moved to dismiss that complaint as barred by the Warsaw Convention's two-year statute of limitations. After converting Northwest Airlines' motion to dismiss to a motion for summary judgment, the district court granted summary judgment in favor of Northwest Airlines.[2] On appeal, the Redls argue that the district court erred and that the limitations period in the Warsaw Convention should be equitably tolled for the time their case was pending in state court. The parties agree the Warsaw Convention applies, and the parties have waived oral argument.

Summary judgment is appropriate when no genuine issue of material fact remains, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review a grant of summary judgment de novo, applying the same standard as the district court. *See Callas Enters., Inc. v. Travelers Indem. Co.*, 193 F.3d 952, 955 (8th Cir.1999).

Under the Warsaw Convention, an action must be brought "within 2 years, reck-

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, art. 29, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* 49 U.S.C. § 40105 note (1994).

2. The Honorable Michael J. Davis, United States District Court Judge for the District of Minnesota.

oned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." *See* 49 U.S.C. § 40105, Article 29. Further, the method of calculating the period of limitation is "determined by the law of the court to which the case is submitted." *Id.*

This court has previously rejected the argument that the Warsaw Convention's statute of limitations is subject to state tolling provisions. *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1154 (8th Cir.1999). In *Husmann*, we cited *Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138 (2d Cir.1998), which reasoned that "the time limitation in Article 29 is best termed a condition precedent to suit, a kind of limitation that is often deemed not subject to tolling." *Fishman*, 132 F.3d at 143. Referring to the treaty's legislative history, the Second Circuit found that "[t]he minutes reveal that the drafters of the Convention specifically considered and rejected a proposed provision that would have allowed the limitations period to be tolled according to the law of the forum court." *Id.* at 144.

The Redls argue that *Husmann* should not apply because, unlike the plaintiff in *Husmann*, the Redls had originally filed their action in state court within the limitations period. Whatever the allure of the plaintiffs' position, we are bound by the well-established rule that "one panel [of this Court] is not at liberty to overrule a decision of another panel." *United States v. Prior*, 107 F.3d 654, 660 (8th Cir.1997). In *Husmann*, we clearly equated the limitations provision of the Warsaw Convention with a condition precedent to suit. *See Husmann*, 169 F.3d at 1154.

The Redls did not present any evidence that Northwest Airlines or anyone else prevented or discouraged them from filing their Warsaw Convention claim in federal court within two years of the flight. Under the facts of this case, we find no error by the district court.

Because the Redls' claim was not timely filed and the time limitation in the Warsaw Convention was not subject to tolling, we affirm the district court's grant of summary judgment. *See* 8th Cir. R. 47B.