James and Sabrina SCOTT, Plaintiffs,

v.

AMERICAN AIRLINES,
INC., Defendant.

No. Civ. AMD–02–54.

United States District Court,
D. Maryland.

Feb. 25, 2002.

Daniel J. Dregier, Jr., Keith S. Franz, Azrael Gann and Franz, Towson, MD, for Plaintiffs.

Ronald G. DeWald, Lipshultz and Hone Chtd, Silver Spring, MD, for Defendant.

## MEMORANDUM

DAVIS, District Judge.

Plaintiffs, the Scotts, brought this action against defendant, American Airlines, Inc., seeking compensatory and punitive damages in their own right and on behalf of their minor child, an infant. Their claims arise from a January 6, 1999, accident on board an American Airlines flight from Barbados to the United States in which a flight attendant spilled hot coffee on the infant. Defendant has filed a motion to dismiss the three count complaint, and plaintiffs have filed an opposition to the motion (impliedly agreeing therein, by their silence, that their ostensible state law claims are completely preempted by the Warsaw Convention). I have carefully reviewed the parties' submissions, and no hearing is necessary. Local Rule 105.6 (D.Md.2001). Because it is plain on the face of the complaint that the Scotts failed to institute this case in accordance with the Warsaw Convention, I shall grant the motion to dismiss.

■ There is no dispute of fact in respect to the defense raised by defendant's motion to dismiss. The parties agree that the Warsaw Convention applies to this case and preempts any state law claim that might otherwise be available. Under Article 17 of the Convention, air carriers are "liable for damage sustained in the event of the death or wounding of a passenger ... if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Warsaw Convention Art. 17. The Convention "established a presumption that air carriers are liable for damage sustained by passengers as a result of the carrier's negligent conduct." *Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1467 (11th Cir.1989), *rev'd on other grounds*, 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d

569 (1991). Recovery of damages under Article 17 requires that a claimant establish that an "accident" occurred. Warsaw Convention Art. 17; *Air France v. Saks,* 470 U.S. 392, 407, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985). The parties agree that the incident giving rise to this case was an "accident." The parties also agree that, ordinarily, under Article 29(1) of the Warsaw Convention, a claim for bodily injury, such as the claim at issue here, must be asserted no later than two years after "the date on which the aircraft ought to have arrived or from the date on which the transportation stopped." Finally, the parties agree that the two year period within which claims could be brought ended on January 6, 2001. This case was filed on January 4, 2002, well outside the two year period.

■ Seizing on the absence of controlling Fourth Circuit authority, plaintiffs contend that there are two reasons I should deny the motion to dismiss. First, they contend that, as they have alleged that the accident on which they base their claim resulted from willful misconduct by the flight attendant, the two year period set out in Article 29 does not apply, by virtue of Article 25's suspension of the Convention's "limitation of liability" provision for willful misconduct. Second, they contend that because the claim is brought on behalf of a minor, some unspecified tolling provision should apply.

I am constrained to agree with defendant that, despite the absence of controlling Fourth Circuit authority on these questions, I should have no hesitation in concluding that the Fourth Circuit will align itself with the overwhelming majority of courts that have considered these questions and have rejected plaintiffs' contentions. *See, e.g., Carey v. United Airlines,* 77 F.Supp.2d 1165, 1172–73 (D.Or.1999) (discussing interplay between Article 17,

Article 25 and Article 29) (collecting cases), *aff'd,* 255 F.3d 1044 (9th Cir.2001); *Fishman v. Delta Air Lines, Inc.,* 132 F.3d 138, 143 (2d Cir.1998) (holding that the two year period for filing suit as set forth in Art. 29 should be deemed a condition precedent to suit, and not a statute of limitations subject to tolling) (collecting cases). *Accord Husmann v. Trans World Airlines, Inc.,* 169 F.3d 1151 (8th Cir.1999); *McCaskey v. Continental Airlines, Inc.,* 159 F.Supp.2d 562 (S.D.Tex.2001).

Accordingly, I shall grant the motion to dismiss. An order follows.

### ORDER

For the reasons stated in the foregoing Memorandum, it is this 25th day of February, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That defendant's motion to dismiss is GRANTED AND THIS CASE IS DISMISSED WITH PREJUDICE; and it is further ORDERED

(2) That the Clerk of the Court shall CLOSE this case and TRANSMIT a copy of this Order and the foregoing Memorandum to counsel of record.